1  D. PETER HARVEY, ESQ.  (SBN 55712)
   Email:  pharvey@harveysiskind.com
2  SETH I. APPEL, ESQ. (SBN 233421)
   Email:  sappel@harveysiskind.com
3  HARVEY SISKIND LLP
4  4 Embarcadero Center, 39th Floor
   San Francisco, CA 94111
5  Telephone:  (415) 354-0100
   Facsimile:  (415) 391-7124
6

7  LISA PEARSON, ESQ. (*pro hac vice pending*)
   Email:  lpearson@kilpatrickstockton.com
8  KILPATRICK STOCKTON LLP
   31 West 52nd Street, 14th Floor
9  New York, NY  10019
   Telephone:  (212) 775-8700
10  Facsimile:  (212) 775-8800

11
   W. MARK CONGER, ESQ. (*pro hac vice pending*)
12  Email:  mconger@kilpatrickstockton.com
   JOCELYN BURTON, ESQ. (SBN 135879)
13  Email:  jburton@kilpatrickstockton.com
   KILPATRICK STOCKTON LLP
14  1001 West Fourth Street
15  Winston-Salem, NC  27101
   Telephone:  (336) 607-7300
16  Facsimile:  (336) 607-7500

17  Attorneys for Plaintiffs,
   MYGUIDE HOLDING GMBH
18  and MYGUIDEGPS LTD.

19         IN THE UNITED STATES DISTRICT COURT

20      FOR THE NORTHERN DISTRICT OF CALIFORNIA

21              SAN FRANCISCO DIVISION

22  MYGUIDE HOLDING GMBH
   and MYGUIDEGPS LTD.,
23
              Plaintiffs,            Case No.
24
   v.                               **COMPLAINT**
25
   RANDOLPH KEMPS, an individual,
26  ARES DIGITAL, INC., and MYGUIDE
   (USA) INC.
27
              Defendants.
28

CV 08  0057

ORIGINAL
FILED

JAN  4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JF

COMPLAINT

1    Plaintiffs MyGuide Holding GmbH and MyGuideGPS Ltd. state the following for their

2    Complaint against Defendants Randolph Kemps (hereinafter "Kemps"), Ares Digital, Inc.

3    (hereinafter "Ares"), and MyGuide (USA) Inc. (hereinafter "MyGuide USA") (Kemps,

4    MyGuide USA, and Ares hereinafter collectively "Defendants"):

5                              **NATURE OF THE CASE**

6         1.    This is an action at law and equity for a declaratory judgment that Plaintiff

7    MyGuide Holding GmbH owns all United States trademark and trade name rights in the mark

8    and trade name MYGUIDE, including U.S. Trademark Reg. No. 3,227,772 (collectively, the

9    "MYGUIDE Marks"), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.  In

10   addition, Plaintiffs assert claims for injunctive and monetary relief for trademark infringement

11   and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (the

12   "Lanham Act") and for unfair competition, trademark infringement, breach of contract,

13   promissory estoppel, unfair competition, fraud, unjust enrichment, and tortious interference

14   with prospective economic relationships arising under applicable state law.

15        2.    Defendants are wrongfully continuing to use the MYGUIDE Marks after

16   termination of their non-exclusive distributorship relationship with Plaintiffs' predecessors in

17   interest and refusing to transfer to Plaintiffs U.S. Reg. No. 3,227,772 for the MYGUIDE logo

18   (the "MYGUIDE Registration"), which Defendant Kemps obtained on behalf of Plaintiffs'

19   predecessors pursuant to an understanding and agreement that he would transfer the registration

20   to Plaintiffs' predecessors once it issued.  In addition, Defendants have failed to pay Plaintiffs

21   for goods delivered and are interfering with Plaintiffs' efforts to continue doing business in the

22   U.S.  Defendants are using their record ownership of the MYGUIDE Registration to try to

23   extort concessions from Plaintiffs and are unlawfully interfering with Plaintiffs' efforts to

24   solidify and expand their U.S. market presence.  Unless enjoined by this Court, Defendants'

25   conduct is likely to continue to cause a likelihood of consumer confusion and to continue to

26   result in irreparable injury to Plaintiffs.

27

28

COMPLAINT

**THE PARTIES**

3.      Plaintiff MyGuide Holding GmbH, formerly known as Martix M&S GmbH, is a Swiss limited liability company with a principal place of business located at Poststrasse 6, 6300 Zug, Switzerland.  As a purchaser in bankruptcy, Plaintiff MyGuide Holding GmbH acquired all of the assets (including all rights of action, marks and trade names) relating to the MYGUIDE mobile navigation business of the insolvent companies Anubis Electronic GmbH ("Anubis") and MyGuide Ltd., also known as MyGuide (Hong Kong) Ltd. ("MyGuide Ltd."). Anubis, MyGuide Ltd., and their respective shareholders and directors, Mr. Dominique Bonk and Mr. Michael Funke, will hereinafter be collectively referred to as "Old MyGuide". Plaintiff MyGuide Holding GmbH is the owner of the MYGUIDE Marks.

4.      Plaintiff MyGuideGPS Ltd. ("MyGuideGPS") is a Hong Kong  limited liability company with a registered office and principal place of business in Tsim Sha Tsui, Kowloon, Hong Kong.  MyGuideGPS is a wholly-owned subsidiary of Plaintiff MyGuide Holding GmbH.  (Plaintiffs MyGuide Holding GmbH and MyGuideGPS are hereinafter collectively referred to herein as "New MyGuide" or "Plaintiffs").  New MyGuide's manufacturing and shipping operations are handled by MyGuideGPS.  MyGuideGPS is also charged with processing and filling purchase orders submitted by third-party distributors.

5.      New MyGuide, which has offices in Europe, Asia and Russia as well as a growing world-wide network of distributors and retailers, is one of the world's largest dedicated navigation solution providers. Focused on innovation and quality, New MyGuide offers easy-to-use, all-in-one mobile navigation devices combining GPS hardware, software, and map material devices used for calculating routes from one geographic location to another.

6.      Upon information and belief, defendant Randolph Kemps is a citizen of the United Kingdom currently residing in the United States of America on a temporary visa at 36 Ralston Road, Atherton, California 94027.  Defendant Kemps was a non-exclusive U.S. distributor of Old MyGuide, and is the current owner of record of the MYGUIDE Registration (U.S. Reg. No. 3,227,772).

COMPLAINT

7.    Upon information and belief, Defendant Ares Digital, Inc. is a California corporation with its principal place of business at 1817 Houret Court, Milpitas, California 95035. Upon information and belief, Defendant Kemps distributed MYGUIDE branded products through Defendant Ares, which continues to market such products on its website at www.aresdigital.com, selected pages of which are attached as Exhibit 1.

8.    Defendant MyGuide USA is a California corporation with its principal place of business at 36 Ralston Road, Atherton, California 94027. Defendant MyGuide USA was incorporated by Defendant Kemps on September 18, 2007. At the present time, New MyGuide does not know whether Defendant MyGuide USA is currently doing business but it is using MyGuide as a corporate and trade name without Plaintiffs' authorization.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, and 1338. This Court has jurisdiction over Plaintiffs' related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

10.    Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 1391, in that the Defendants reside and do business in this District, and in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

11.    This division is proper because a substantial part of the events or omissions giving rise to this action occurred in San Mateo County.

## FACTS UNDERLYING THIS DISPUTE

12.    Plaintiffs' MYGUIDE line of portable electronic navigational devices ("MYGUIDE Products") help people enjoy the best experience and find the most fuel-efficient way to get from points A to B in more than 43 countries. MYGUIDE Products help users navigate easily by providing vocal guidance and menu programs in more than 24 foreign languages, as well as entertainment features, exhaustive local information and international

COMPLAINT

assistance. New MyGuide and its predecessors have developed considerable know-how and have built MYGUIDE into a leading global brand.

**MyGuide Holding GmbH Acquired All Rights, Marks and Trade Names Relating to the MYGUIDE Mobile Navigation Business of Anubis Electronic GmbH and MyGuide Ltd. in German Insolvency Proceedings**

13.    New MyGuide owns all rights, marks and trade names relating to the MYGUIDE mobile navigation business formerly conducted by Old MyGuide. New MyGuide has continued to operate the MYGUIDE mobile navigation business of Old MyGuide, including honoring vendor, distribution, and customer contracts and orders.

14.    German law governs the insolvency proceedings involving Anubis and MyGuide Ltd. The local court of Saarbrucken, Germany, formally started the insolvency proceedings on April 16, 2007 and May 18, 2007, respectively. That court formally appointed Mr. Franz J. Abel as the insolvency administrator of MyGuide Ltd. by order dated May 23, 2007 and of Anubis by order dated June 11, 2007.

15.    Under German insolvency law, the court-appointed insolvency administrator is entitled to act as the owner of the company and to buy or sell products, assets, shares and so on. Specifically, Section 80 of the applicable German insolvency statute provides "upon the opening of the insolvency proceedings the debtor's right to manage and transfer the assets involved in the insolvency proceedings shall be vested in the insolvency administrator." Accordingly, under applicable German law, the insolvency administrator was formally empowered to sell the assets and claims of Anubis and MyGuide Ltd.

16.    Mr. Abel, the administrator, has executed an affidavit dated November 21, 2007 (attached as Exhibit 2) confirming that Old MyGuide transferred and assigned to Martix GmbH, as purchaser of the MYGUIDE mobile navigation business of both insolvent companies, all rights, marks and trade names relating to that business. (Matrix GmbH has now changed its name to MyGuide Holding GmbH, the Plaintiff herein). Mr. Abel states in his affidavit:

> "When informing me today that an agent has registered a word/figurative mark 'MyGuide' in the United States of America on behalf of one of the two above mentioned

1  companies, then I can only explain that I, in my capacity as
2  liquidator of Anubis Electronic GmbH and MyGuide Ltd.,
   agreed with Matrix GmbH, as the purchaser, on the implied
   assignment of all rights, marks and trade names resting
3  within the companies, as far as the corporate sector 'Mobile
   Navigation' is concerned.  This especially also regards to
4  any claims of (re-) transferring/assigning the registered
   word/figurative marks against the agents and/or other third
5  parties.

6  For reasons of precaution, I, in my capacity as liquidator of
   Anubis Electronic GmbH and of MyGuide Ltd., herewith,
7  transfer and assign to MyGuide GmbH again all rights on
   marks and trade names as well as any companies' possible
8  claims of (re-) transferring/assigning the registered
   word/figurative marks against the agents and/or other third
9  parties, as far as the corporate sector 'Mobile Navigation' is
   concerned."

10

11      17.     In short, New MyGuide stands in the shoes of Old MyGuide with respect to

12  ownership of the MYGUIDE Marks in the United States.

13  **Old MyGuide (and New MyGuide as its Successor in Interest) Rightfully Owns the**
    **U.S. Trademark Rights in the MYGUIDE Marks.**

14

15      18.     Defendant Kemps was a U.S. distributor of MYGUIDE Products for Old

16  MyGuide.  Upon information and belief, he did not have any written agreements with Old

17  MyGuide, and was not an exclusive U.S. distributor of MYGUIDE Products.  In the first half

18  of 2006, during one of his visits to Saarbrücken, Defendant Kemps discussed the registration of

19  the MYGUIDE Marks in the U.S. with Old MyGuide management, specifically Dominique

20  Bonk and Dirk Heindörfer, the Product Manager and Managing Director of MyGuide Ltd.

21  Defendant Kemps informed Messrs. Bonk and Heindörfer that one of his family members was

22  an attorney licensed to practice law in the U.S. and that it would be cost effective for Old

23  MyGuide to use him to obtain a U.S. trademark registration for the MYGUIDE logo.

24  Defendant Kemps represented to Old MyGuide that once the trademark was registered, he

25  would transfer the registration to Old MyGuide or its designee.  On those terms, Old MyGuide

26  agreed to allow Defendant Kemps to register the MYGUIDE logo with the U.S. Patent and

27  Trademark Office on its behalf and for its benefit.

28

---

COMPLAINT

- 5 -

1    19.    On June 10, 2006, Defendant Kemps filed an application to register the

2    MYGUIDE logo in International Class 9 with the U.S. Patent and Trademark Office and

3    secured U.S. Registration No. 3,227,772 for that mark on April 10, 2007. A copy of the

4    MYGUIDE Registration is attached as Exhibit 3. The logo covered by the MYGUIDE

5    Registration was already in use by Old MyGuide in other jurisdictions, including Western and

6    Eastern Europe. Old MyGuide filed applications and obtained registrations for the MYGUIDE

7    Marks in a number of other countries where it did business.

8    20.    Old MyGuide never assigned any trademark rights in the MYGUIDE Marks to

9    Defendant Kemps. To the contrary, as previously stated, there was an oral agreement and

10    understanding that Defendant Kemps would assign the MYGUIDE Registration to Old

11    MyGuide or its designee after it issued. Indeed, in an e-mail dated April 15, 2007 (attached as

12    Exhibit 4), Defendant Kemps advised Old MyGuide that U.S. Registration No. 3,227,772 had

13    issued and stated: "The next time we meet I will bring a document that will transfer the

14    registration to MyGuide Ltd. or whom you want."

15    21.    Old MyGuide (and now its successor New MyGuide) has always been the true

16    owner of the MYGUIDE Marks.

17    (a)    Old MyGuide, not Defendants, created the MYGUIDE Marks. Notably, the

18         home page of Defendant Ares's website www.aresdigital.com (included in

19         Exhibit 1) states:

20              "MyGuide is one of Europe's leading portable

21              navigation brands. Present in Europe since 2004,

22              the [sic] MyGuide has established itself as an

23              innovative,    feature-rich    brand    in    portable

24              navigation."

25    (b)    Old MyGuide, not Defendants, first affixed the MYGUIDE Marks to goods

26         sold.

27

28

COMPLAINT

(c)  Old MyGuide and now New MyGuide have at all times exercised control over the nature and quality of the goods on which the MYGUIUDE Marks appear. Defendant Kemps bought finished product.

(d)  Customers primarily looked to Old MyGuide and now to New MyGuide as the party standing behind the quality of the goods.

(e)  There has been relatively little advertising or promotion for MyGuide Products in the U.S., but Old MyGuide and New MyGuide have paid for trade show participations and a sophisticated website at www.myguidegps.com. Defendants, like other regional distributors, just paid for some advertising in their local market, such as their own website..

(f)  All MyGuide Products, no matter where sold, carry the minimum required legal warranty provided by Old MyGuide and New MyGuide.

(g)  Old MyGuide and now New MyGuide contracted for the manufacture of the MyGuide Products and the maps and software used to run the devices.

(h)  In fact, Defendant Kemps was not the only U.S. distributor of MyGuide Products. Old MyGuide also sold MyGuide Products to Joe Kee and Brightstar.

**Defendants Have No Current Distribution Agreement With New MyGuide**

22.  Old MyGuide and now New MyGuide have always developed and had manufactured to their specifications all MyGuide Products worldwide. Old MyGuide and now New MyGuide have distributed MyGuide Products directly and through non-exclusive third-party distributors.

23.  Old MyGuide did not typically enter into long-term written distributorship agreements with its third-party distributors. Instead, Old MyGuide normally conducted business with those distributors on a per-transaction basis, through individual purchase orders. In other words, the distributors for any particular region would purchase their goods from Old MyGuide and then sell them to their own customers.

24.    Old MyGuide began marketing MyGuide Products in the U.S. in or about 2006 through third-party distributors, including, among others, Defendants Kemps and Ares.

25.    Old MyGuide's relationship with Kemps was similar to its relationship with other regional distributors.  No written distribution agreements were ever executed between Defendants and Old MyGuide (or New MyGuide).  Instead, Defendants would place purchase orders for MyGuide Products.  Old MyGuide would then sell the products to Defendants, who would resell them to retailers in the U.S.

26.    Upon information and belief, Defendant Kemps focused his efforts to sell MyGuide Products in the U.S. to customers such as Fry's, Best Buy, Circuit City, Radio Shack, Comp USA, and Belk.

27.    Old MyGuide and Mr. Kemps also had several meetings in the United States and visited customers together.  Among these customers were Ingram Distribution in California and Best Buy in Texas.

28.    On September 18, 2006, Defendant Kemps incorporated a California corporation under the name MyGuide (USA) Inc.  Upon information and belief, Mr. Kemps' incorporation of MyGuide USA was done for the purpose of distributing authorized MyGuide Products in the U.S. and Old MyGuide never consented to the use of MyGuide as a trade name for any other purpose.

29.    As discussed in paragraphs 19-20 above, on April 10, 2007, the U.S. Patent and Trademark Office issued the MYGUIDE Registration (Exhibit 3) in the name of Defendant Kemps, and in his April 15, 2007 e-mail (Exhibit 4), Defendant Kemps represented to Old MyGuide that "[t]he next time we meet I will bring a document that will transfer the registration to MyGuide Ltd. or whom you want."

30.    Shortly thereafter, on April 16 and May 18, 2007, the insolvency proceedings were instituted for MyGuide Ltd. and Anubis, respectively, as described in paragraphs 14-16 above.  On or about June 11, 2007, the insolvency administrator, Mr. Abel, for good and valuable consideration, transferred all assets of MyGuide Ltd. and all navigation-related assets of Old MyGuide—including rights to all trade names and marks and claims related thereto—to

1  Martix M+S GmbH, now known as MyGuide Holding GmbH, as discussed in paragraphs

2  14-16 above.

3  31.     In his affidavit dated November 21, 2007 (Exhibit 2), Mr. Abel confirmed that

4  Old MyGuide had transferred and assigned to MyGuide GmbH, as purchaser of the MYGUIDE

5  mobile navigation business of both insolvent companies, all rights, marks and trade names

6  relating to that business.   As a precaution, he also expressly "transfer[red] and assign[ed]

7  MyGuide GmbH again all rights on marks and trade names as well as any companies' possible

8  claims of (re-) transferring/assigning the registered word/figurative marks against the agents

9  and/or other third parties, as far as the corporate sector 'Mobile Navigation' is concerned."

10 (The entity referred to by Mr. Abel in his Affidavit as MyGuide GmbH later changed its name

11 and is now known as MyGuide Holding GmbH.)

12 32.     Between June 8, 2007 and June 13, 2007, New MyGuide, as the successor in

13 interest to Old MyGuide, engaged in discussions with Mr. Kemps regarding the sale and

14 distribution of MyGuide Products in the U.S. and the transfer of the MYGUIDE Registration to

15 New MyGuide.  During those discussions, Mr. Kemps began adding conditions to the transfer

16 of the MYGUIDE Registration, which conditions were not a part of the original agreement

17 between Kemps and Old MyGuide.

18 33.     On June 13, 2007, Defendant Kemps sent a letter of intent ("Letter of Intent")

19 to New MyGuide affixing certain conditions to the transfer of the MYGUIDE Registration to

20 New MyGuide.  (The Letter of Intent is attached hereto as Exhibit 5.)  The letter stated, in part:

21     I, Randolf Kemps, as beneficial owner of the Trademark and Logo of MyGuide in
       the USA (number 3227772; registered 10th April 2007) declare that I intend to
22     transfer all rights of MyGuide Trademark and logo owned by me directly or
       indirectly to Matrix M&S GmbH (to be called MyGuide_New) upon the
23     execution of a definitive agreement between Matrix / MyGuide_New and Area
       Digital, Inc. that will include the following Terms:
24
       a) Martix M&S GmbH, and all current and future assignees of its rights in the
25     marketing and distribution of MyGuide branded products, signs a distribution
       contract with ARES Digital Inc. for the distribution of the MyGuide branded
26     products in the North American region (NAFTA countries) for a period of 2 years
       (with standard extension clause).  Such distribution contract to include a provision
27     that Ares Digital, Inc will receive best distribution price for MyGuide branded
       products and assures first priority in the delivery of MyGuide product.
28

COMPLAINT

b) Martix M&S GmbH shall reimburse me for the cost of the registration of the Trademark (cost indication: $7200.--), payable at the time of signature of a definitive Agreement and;

c) Use best efforts to fulfill the existing PO No 20060531-12 for CompUSA as sent to MyGuide Hong Kong on 5/31/2007 and acknowledge that time is of the essence in completing this transaction. Upon receipt of this signed letter Martix M&S GmbH will treat this order with utmost priority and arrange for immediate dispatch of the order from Xiamen, ROC.

I am prepared to execute a mutually contingent agreement whereby Martix grants me distribution rights for North America and concurrently I will transfer my rights to the MyGuide Trademark and Logo to Martix. Please send me a draft for review.

34.    Although none of the conditions enumerated by Defendant Kemps were part of the original agreement between Old MyGuide and Kemps regarding ownership of the MYGUIDE Registration in the U.S., New MyGuide wanted to ensure that its trademark rights in the U.S. were secure. It therefore refrained from taking immediate legal action and proceeded in good faith to take the necessary steps to fulfill the conditions set forth in the Letter of Intent in order to obtain the MYGUIDE Registration held by Kemps expeditiously and without protracted and expensive litigation.

35.    As of October 9, 2007, Kemps and New MyGuide were in the final stages of drafting a distribution agreement under which Defendant Kemps would direct New MyGuide's North American operations.

36.    By e-mail dated October 13, 2007 (attached as <u>Exhibit 6</u>), New MyGuide informed Defendant Kemps that New MyGuide stood ready, willing and able to perform the conditions in the Letter of Intent and that Kemps should transfer all rights in the MYGUIDE Marks to New MyGuide by October 17, 2007.

37.    Despite New MyGuide's commitment to perform all conditions set forth in the Letter of Intent, Defendant Kemps purported to withdraw his Letter of Intent and the representations contained therein in an e-mail dated October 24, 2007 (attached as <u>Exhibit 7</u>).

38.    Further attempts by New MyGuide to negotiate with Mr. Kemps and demands by New MyGuide that Defendant Kemps comply with his previous agreements to transfer the MYGUIDE Registration have been unavailing.

39.    Defendant Kemps has to date refused to transfer the MYGUIDE Registration to New MyGuide.

40.    In an e-mail dated November 29, 2007 (attached as Exhibit 8), Defendant Kemps informed New MyGuide that he had come to the "final conclusion that [he] will have no success as a MyGuide team member" and New MyGuide should acquire the trademark from him and put its own staff in the United States.

41.    New MyGuide has not authorized Defendants to continue distribution of MyGuide Products or to use the MYGUIDE Marks for any purpose.

42.    Kemps' refusal to transfer U.S. Registration 3,227,772 to New MyGuide has substantially interfered and continues to interfere with New MyGuide's business relationships with retailers in the United States.

43.    For example, in Fall 2007, New MyGuide engaged in negotiations with U.S. retailer Belk ("Belk"), a large U.S. department store chain with over 300 stores, for the sale and shipment of MyGuide Products to Belk. Initially, those negotiations were conducted through Defendants. However, as the relationship between New MyGuide and Defendants broke down, New MyGuide began doing business with Belk directly and making arrangements for Belk to order MyGuide Products through another third-party distributor in the future.

44.    On information and belief, on or about November 13, 2007, when Defendant Kemps learned that New MyGuide was conducting business with Belk directly, he contacted Belk and informed him that he was the owner of the MYGUIDE Marks and that Belk could not sell MyGuide Products in their stores without his prior approval.

45.    Thereafter, Belk refused to purchase MyGuide Products without involving Mr. Kemps or without his approval of the transaction.

**Defendants have failed to make payment to MyGuideGPS under invoices for goods ordered by Plaintiffs and shipped by MyGuideGPS.**

46.    On May 31, 2007, Defendants submitted a Purchase Order (P.O. No. 20060531-12) (the "May 31, 2007 Purchase Order") for shipment of MyGuide Products to Defendant Ares Digital at five destinations in the United States. The May 31, 2007 Purchase

1    Order was submitted by "Ares Digital, Inc. dba MyGuide" and requested shipment of 1,888

2    units for the total purchase price of $269,379.84.   Under the May 31, 2007 Purchase Order,

3    Defendant Ares Digital agreed to pay the full purchase price with 37 days of receipt of the

4    goods in the United States.

5         47.    MyGuideGPS responded to the May 31, 2007 Purchase Order on June 15, 2007

6    by promptly shipping 1,885 units to the designated locations in the United States.   On June 16,

7    2007, MyGuideGPS submitted an invoice (Invoice No. PF2007525) to Ares Digital,

8    Inc/MyGuide USA for payment of the total purchase price of $268,951.80.   At no time did any

9    of the Defendants object to the terms stated in Invoice No. PF2007525, which invoice is

10    attached hereto as Exhibit 9.

11         48.    To date, Defendants have failed to tender payment for the amounts owing under

12    Invoice No. PF2007525.

13         49.    Defendants later requested delivery of 1,800 units of MyGuide Products to a

14    location in San Francisco, California.

15         50.    MyGuideGPS responded to the request on September 27, 2007, by shipping

16    1,800 units to the designated location in the United States.   Also on September 27, 2007,

17    MyGuideGPS submitted an invoice (Invoice No. 20070921-US) to MyGuide USA for payment

18    of the purchase price of $252,000.00.   At no time did any of the Defendants object to the terms

19    stated in Invoice No. 20070921-US, which invoice is attached hereto as Exhibit 10.

20         51.    To date, Defendants have made payment on only 1,200 of the 1,800 units

21    shipped.   Defendants have failed to make payment on the remaining 600 units.   Defendants

22    currently owe $84,000.00 of the total purchase price of $252,000.00 owed under Invoice No.

23    20070921-US.   The deficiencies in Defendants' payments under Invoice Nos. PF2007525 and

24    20070921-US total $352,951.80, plus interest.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment As To Ownership Of MYGUIDE Marks)

27         52.    Plaintiffs repeat and incorporate by reference the allegations contained in

28    paragraphs 1 through 51 as if fully set forth herein.

53.     An actual, present and justiciable controversy has arisen between Plaintiffs and Defendants as to the ownership of the MYGUIDE Marks, specifically the MYGUIDE Registration.

54.     Defendants contend, and New MyGuide denies, that Kemps is the owner of the MYGUIDE Registration.

55.     New MyGuide contends, and Defendants deny, that MyGuide Holding GmbH is the owner of the MYGUIDE Marks.

56.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, "[i]n an action involving a registered mark, the court may determine the right to registration…and otherwise rectify the register with respect to the registrations of any party to the action."

57.     This controversy is of sufficient immediacy and reality that New MyGuide is entitled to the issuance of a declaratory judgment that MyGuide Holding Gmbh is the true owner of the MYGUIDE Marks under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, et. seq. and instructing the U.S. Patent and Trademark Office to rectify the register to show MyGuide Holding GmbH as the owner of U.S Reg. No. 3,227,772.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)

58.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59.     Plaintiff MyGuide Holding GmbH is the rightful owner of the MYGUIDE Registration.

60.     Defendants' continued unauthorized use of the MYGUIDE Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers, customers, and third-party distributors as to the source, origin or sponsorship of Defendants' services and business activities. Distributors, customers, and the public are likely to believe that said services and business activities originate from, or are sponsored by or affiliated with, Plaintiffs, and that Defendants operate as Plaintiffs' authorized distributor when, in fact, Defendants have no such authorization.

61.    Upon information and belief, Defendants' continued unauthorized use of the MYGUIDE Marks has been undertaken intentionally with a view and purpose of continuing to trade on and benefit from the substantial reputation and goodwill associated with Plaintiffs' global MYGUIDE brand.

62.    By their continued, unauthorized use of the MYGUIDE Marks, Defendants have infringed, and are infringing the rights of MyGuide Holding GmbH as the rightful owner of the MYGUIDE Registration in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

63.    As a direct and proximate result of Defendants' unlawful actions, New MyGuide has suffered and will continue to suffer irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and goodwill. Such conduct has impaired and will continue to impair New MyGuide's ability to attract other third-party distributors and to sell MYGUIDE Products in the United States. Additionally, Defendants' unauthorized use of the MYGUIDE Marks deprives New MyGuide of the ability to control the nature and quality of the goods and services Defendants are providing thereunder, placing New MyGuide's valuable reputation and goodwill in the hands of Defendants, over whom New MyGuide has no control.

64.    Defendants' unlawful conduct is causing, and is likely to cause, substantial irreparable injury to the public and to New MyGuide. New MyGuide is entitled to preliminary and permanent injunctive relief and to recover New MyGuide's actual damages, an award of Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. In view of Defendants' willful infringement, the award of such damages or profits should be trebled pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition)

65.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66.    Defendants' continued unauthorized use of the MYGUIDE Marks constitutes unfair competition and a false description and false representation regarding Defendants'

1   status, or lack thereof, as an authorized distributor of goods bearing the MYGUIDE Marks, in

2   violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.

3       67.    Defendants' unlawful conduct is causing, and is likely to cause, substantial

4   irreparable injury to the public and to New MyGuide.  New MyGuide is entitled to preliminary

5   and permanent injunctive relief and to recover all actual damages, all profits realized by

6   Defendants, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  In view

7   of Defendants' willful infringement, the award of such damages or profits should be trebled

8   pursuant to 15 U.S.C. § 1117(a).

9                          **FOURTH CLAIM FOR RELIEF**
              **(Trademark Infringement in Violation of Cal. Bus. & Prof. Code § 14335)**
10

11      68.    New MyGuide repeats and incorporates by reference the allegations contained

12  in paragraphs 1 through 66 as if fully set forth herein.

13      69.    Defendants' conduct as described above constitutes trademark infringement in

14  violation of Cal. Bus. & Prof. Code § 14335.

15      70.    Defendants' conduct is causing, and is likely to cause, substantial injury to the

16  public and to New MyGuide, and New MyGuide is entitled to monetary and preliminary and

17  permanent injunctive relief.

18                          **FIFTH CLAIM FOR RELIEF**
          **(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, et seq.)**
19

20      71.    New MyGuide repeats and incorporates by reference the allegations contained

21  in paragraphs 1 through 70 as if fully set forth herein.

22      72.    Defendants' conduct as described above constitutes unfair competition in

23  violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, as such conduct is likely to cause

24  confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin

25  and/or sponsorship of Defendants' services and commercial activities.

26      73.    Defendants' conduct is causing, and is likely to cause, substantial injury to the

27  public and to New MyGuide, and New MyGuide is entitled to monetary and preliminary and

28  permanent injunctive relief.

COMPLAINT

## SIXTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

74.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 73 as if fully set forth herein.

75.    Defendants' conduct as alleged above constitutes infringement and unfair competition in violation of the common law of the State of California.

76.    Defendants' conduct is causing, and is likely to cause, substantial injury to the public and to New MyGuide, and New MyGuide is entitled to monetary and preliminary and permanent injunctive relief.

## SEVENTH CLAIM FOR RELIEF
### (Breach of the Oral Agreement with Old MyGuide)

77.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 76 as if fully set forth herein.

78.    Defendants and Old MyGuide had an agreement and understanding, supported by good and valuable consideration, that Defendant Kemps would apply to register the MYGUIDE logo with the U.S. Patent and Trademark Office and would transfer all rights in the MYGUIDE Registration to Old MyGuide's designee once the registration issued.

79.    The above-described agreement between Old MyGuide and Defendants is a valid and enforceable contract, and Old MyGuide and its successor-in-interest, New MyGuide, have performed all of their obligations arising thereunder.

80.    Defendants have breached the agreement by refusing to transfer the Registered Mark to New MyGuide.

81.    As a proximate result of Defendants' breach, Plaintiffs have sustained and continue to sustain irreparable harm and significant damages, including, but not limited to, actual, consequential, incidental, and other damages.

1

2

### EIGHTH CLAIM FOR RELIEF
### (Breach of the Letter of Intent)

3    82.    Plaintiffs repeat and incorporate by reference the allegations contained in

4    paragraphs 1 through 81 as if fully set forth herein.

5    83.    In the Letter of Intent dated June 11, 2007 (Exhibit 5), Defendants clearly and

6    unambiguously offered to transfer all rights and interests in the MYGUIDE Registration to

7    New MyGuide upon the satisfaction of certain conditions precedent.

8    84.    New MyGuide accepted the offer contained in the Letter of Intent by beginning

9    and committing to complete performance of the conditions set forth in the Letter of Intent.

10   85.    The Letter of Intent is a valid and enforceable contract, and New MyGuide

11   stood ready to perform all of its obligations arising thereunder.

12   86.    Defendants have breached the Letter of Intent by refusing to transfer the

13   Registered Mark to New MyGuide.

14   87.    As a proximate result of Defendants' breach of the Letter of Intent, Plaintiffs

15   have sustained and continue to sustain irreparable harm as well as significant damages,

16   including, but not limited to, actual, consequential, incidental, and other damages.

17   ### NINTH CLAIM FOR RELIEF
### (Alternative Claim - Breach of Agreement to Negotiate in Good Faith)

18

19   88.    Plaintiffs repeat and incorporate by reference the allegations contained in

20   paragraphs 1 through 87 as if fully set forth herein.

21   89.    In the alternative, to the extent the Letter of Intent was not a valid and

22   enforceable final agreement between the parties, it is a valid and enforceable contract to

23   negotiate the final and complete terms of the agreement.  The Letter of Intent is therefore

24   enforceable as a mutually binding obligation to negotiate a final agreement in good faith.

25   90.    After New MyGuide had initiated performance of the conditions set forth in the

26   Letter of Intent for transfer of the MYGUIDE Marks, Defendants unilaterally terminated the

27   parties' negotiations.

28

COMPLAINT

91.    By unilaterally terminating negotiations after New MyGuide performed or stood ready to perform the conditions contained in the Letter of Intent, Defendants breached their duty to negotiate in good faith.

92.    As a proximate result of Defendants' breach of their duty to negotiate in good faith under the Letter of Intent, Plaintiffs have sustained and continue to sustain irreparable harm as well as significant damages, including, but not limited to, actual, consequential, incidental, and other damages.

## TENTH CLAIM FOR RELIEF
### (Promissory Estoppel)

93.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 92 as if fully set forth herein.

94.    Prior to the registration of the MYGUIDE Registration and again after the registration was issued, Defendants clearly and unambiguously promised to transfer all rights in the MYGUIDE Registration to Old MyGuide.

95.    New MyGuide now stands in the shoes of Old MyGuide, having acquired its assets in insolvency proceeding.

96.    Defendants should have reasonably expected their promise to transfer all rights in the MYGUIDE Registration to induce action or forbearance on the part of Old MyGuide and now New MyGuide.

97.    The promise induced Old MyGuide to forbear efforts to independently register the MYGUIDE Marks in the United States, as it has done in numerous other jurisdictions.

98.    The promise also induced Old MyGuide to refrain from opposing the application filed by Defendant Kemps with the U.S. Patent and Trademark Office for registration of the MYGUIDE Marks.

99.    Further, the promise by Defendants induced New MyGuide to delay filing a legal action against Defendants and taking other steps to enter the U.S. market.

100.    Without an obligation to transfer the rights and interests, if any, that Defendants have in the MYGUIDE Registration to New MyGuide, a substantial injustice would occur, in

COMPLAINT

- 18 -

1    that Defendants will be unjustly enriched and Plaintiffs will be unjustly deprived of their rights

2    and interests in the MYGUIDE Marks.

3        101.    Defendants' failure has caused, and will continue to cause, substantial injury to

4    New MyGuide, and New MyGuide is entitled to the specific enforcement of Defendants'

5    promise to assign and/or transfer to Old MyGuide the MYGUIDE Registration, as well as other

6    legal and equitable remedies as allowed by law.

### ELEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment)

7

8

9        102.    Plaintiffs repeat and incorporate by reference the allegations contained in

10    paragraphs 1 through 101 as if fully set forth herein.

11        103.    To the extent that Defendants have any interest in the MYGUIDE Registration

12    or any other marks or names incorporating the MYGUIDE Marks, such as the trade name

13    MyGuide (USA) Inc., Defendants have accepted and retained the benefit thereof in an unlawful

14    and inequitable manner.

15        104.    Defendants have retained the benefit of any such interest in a manner that has

16    violated and undermined Plaintiffs' right to exclusive control over their established global

17    MYGUIDE brand.

18        105.    Defendants have retained the benefit of any such interest with full appreciation

19    of the facts and circumstances making it inequitable for such benefit to be retained without

20    payment.

21        106.    Plaintiffs are entitled to restitution in the form of an order transferring the

22    MYGUIDE Registration to MyGuide Holding GmbH, together with an award of monetary

23    relief and attorneys' fees and costs.

### TWELFTH CLAIM FOR RELIEF
### (Claim for Unpaid Invoices)

24

25

26        107.    Plaintiffs repeat and incorporate by reference the allegations contained in

27    paragraphs 1 through 106 as if fully set forth herein.

28

COMPLAINT

1    108.    As more fully set forth above, Defendants have failed to pay amounts owing

2    under Invoice Nos. 20070921-US and PF2007525 (the "Invoices").    The deficiencies in

3    Defendants' payments under the Invoices total $352,951.80, plus applicable interest.

4    109.    As a direct and proximate result of Defendants' failure to make full payment

5    under the Invoices, Plaintiff MyGuideGPS has sustained and continues to sustain significant

6    damages, including, but not limited to, actual, consequential, incidental, and other damages.

7    **THIRTEENTH CLAIM FOR RELIEF**
    **(Fraud)**
8

9    110.    Plaintiffs repeat and incorporate by reference the allegations contained in

10    paragraphs 1 through 109 as if fully set forth herein.

11    111.    On numerous occasions, Defendants made affirmative false representations to

12    New MyGuide and its predecessor, Old MyGuide, regarding their plans for the use and

13    disposition of the MYGUIDE Marks, including, but not limited to, the following

14    misrepresentations:

15    (a)    At the meeting in Saarbrücken, Germany prior to filing the trademark

16        application, Defendant Kemps represented to Old MyGuide that once the

17        MYGUIDE Registration issued, it would be transferred to Old MyGuide or its

18        designee.

19    (b)    After the MYGUIDE Registration issued, in an e-mail dated April 15, 2007,

20        Defendant Kemps represented to Old MyGuide that "[t]he next time we meet I

21        will bring a document that will transfer the registration to MyGuide Ltd. or

22        whom you want."

23    (c)    After New MyGuide acquired Old MyGuide, along with all rights and claims

24        with respect to the MYGUIDE Marks, Defendant Kemps represented to New

25        MyGuide that he "intend[ed] to transfer all rights of MyGuide Trademark and

26        logo owned by me directly or indirectly to [New MyGuide]" upon the

27        completion of certain conditions.

28

COMPLAINT

112.    Upon the information and belief, all of the above representations were false at the time they were made, and Defendants made those representations with full knowledge of the falsity of the representations.

113.    Upon all information and belief, all of the above misrepresentations were made with the intent to defraud the Plaintiffs and to induce their reliance thereon.

114.    Plaintiffs were unaware of the falsity of the Defendants' misrepresentations at the time they were made.

115.    Upon information and belief, Old MyGuide relied on the Defendants' misrepresentations in foregoing efforts to register the MYGUIDE Marks in the United States, as it has done in numerous other jurisdictions.  Old MyGuide's reliance on Defendants' misrepresentations was reasonable under the circumstances.

116.    New MyGuide relied on the Defendants' misrepresentations, delaying filing a legal action against Defendants and taking other steps to enter the U.S. market.  New MyGuide's reliance on Defendants' misrepresentations was reasonable under the circumstances.

117.    As a proximate result of their reliance—and their predecessors' reliance—on the false representations of Defendants, Plaintiffs have sustained and continue to sustain irreparable harm and significant damages, including, but not limited to, actual, consequential, incidental, and other damages.

**FOURTEENTH CLAIM FOR RELIEF**
**(Tortious Interference With Prospective Economic Relationships)**

118.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 117 as if fully set forth herein.

119.    Prospective advantageous economic relationships exist between New MyGuide and third parties who would like to sell MYGUIDE Products in the U.S., including Belk, which relationships carry the probability of future economic benefit to New MyGuide.

120.    Defendants have knowledge of the prospective economic relationship between New MyGuide and the aforesaid third parties.

COMPLAINT

121.    Defendants have intentionally and wrongfully secured the MYGUIDE Registration, refused to transfer it to the rightful owner New MyGuide, and continued to use the MYGUIDE Marks in the U.S. without authorization, so as to disrupt these economic relationships.

122.    The prospective economic relationships between New MyGuide and other potential U.S. distributors and retailers have been disrupted by Defendants' wrongful conduct.

123.    Defendants' wrongful interference with New MyGuide's prospective economic relationships has proximately caused and will continue to cause economic harm to Plaintiffs and to damage its reputation and good will.

<div align="center">

**FIFTEENTH CLAIM FOR RELIEF**
**(Punitive Damages)**

</div>

124.    Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 123 as if fully set forth herein.

125.    The acts and conduct of Defendants were, and continue to be, oppressive, fraudulent, and malicious. Defendants knew or should have known that their conduct would harm Plaintiffs.

126.    Defendants' actions were, and continue to be, undertaken for the specific purpose of enriching themselves at the expense of Plaintiffs. Plaintiffs therefore seek, and are entitled to recover, punitive and exemplary damages in an amount to be determined at trial.

<div align="center">

**PRAYER FOR RELIEF**

</div>

WHEREFORE, Plaintiffs pray that:

1.    The Court issue a declaratory judgment that MyGuide Holding GmbH is the rightful owner of the MYGUIDE Marks under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, et seq.;

2.    The Court certify an order to the Director of the United States Patent and Trademark Office to rectify the register pursuant to 15 U.S.C. § 1119 (Lanham Act § 37) to reflect that MyGuide Holding GmbH is the rightful owner of the U.S. Reg. No. 3,227,772.

COMPLAINT

3.    In the alternative, the Court compel Defendants to assign and/or transfer the MYGUIDE Marks, along with any rights therein, to MyGuide Holding GmbH.

4.    Defendants' and all their agents, officers, employees, representatives, successors, assigns, attorneys and all other person acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently from:

(a)    manufacturing, distributing, marketing, selling or offering for sale any goods which bear the MYGUIDE Marks or any of them, alone or in combination with any other words or symbols;

(b)    using any terms, marks, words, or symbols which so resemble any of the MYGUIDE Marks as to be likely to cause confusion, mistake, deception, or misunderstanding in connection with the manufacture, distribution, advertising, promotion, or sale of any product that is not authorized by New MyGuide;

(c)    expressly or by implication, representing that Defendants or goods sold by them are affiliated with, or authorized, licensed, endorsed or sponsored by New MyGuide or its subsidiaries, affiliates, or related entities, except as expressly allowed by New MyGuide in writing;

(d)    making or engaging in any express or implied false descriptions, false designations, or false representations with respect to the products sold by Defendants in violation of Section 32 or Section 43(a) of the Lanham Act; and

(e)    using the term "MyGuide" as part of the trade or corporate name or designation of any business entity

(f)    holding themselves out as authorized distributors of MyGuide Products.

5.    Defendants be compelled to account to Plaintiffs for any and all profits derived by Defendants from the unauthorized sale or distribution of goods bearing any of the MYGUIDE Marks;

6.    Defendants be ordered to make full payment to MyGuideGPS of amounts owing under Invoice Nos. 20070921-US and PF2007525, plus allowable interest;

COMPLAINT

- 23 -

1    7.    Plaintiffs be awarded all actual, consequential, incidental, and other damages

2  caused by the acts forming the basis of this Complaint;

3    8.    Defendants be required to pay Plaintiffs the costs of this action and its

4  reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

5    9.    Plaintiffs have such other and further relief as the Court may deem just and

6  proper.

7  DATED: January 4, 2008          HARVEY SISKIND LLP

8

9                                By: _____

10                                      Seth I. Appel

11                                D. PETER HARVEY, ESQ.
                                 SETH I. APPEL, ESQ.
12                                4 Embarcadero Center, 39th Floor
                                 San Francisco, CA 94111
13                                Telephone: (415) 354-0100
                                 Facsimile: (415) 391-7124
14

15                                Lisa Pearson, Esq. (*pro hac vice pending*)
                                 KILPATRICK STOCKTON LLP
16                                31 West 52nd Street, 14th Floor
                                 New York, NY 10019
17                                Telephone: (212) 775-8700
                                 Facsimile: (212) 775-8800
18

19                                W. Mark Conger, Esq. (*pro hac vice pending*)
                                 Jocelyn Burton, Esq. (SBN 135879)
20                                KILPATRICK STOCKTON LLP
                                 1001 West Fourth Street
21                                Winston-Salem, NC 27101
                                 Telephone: (336) 607-7300
22                                Facsimile: (336) 607-7500

23
                                 Attorneys for Plaintiffs,
24                                MYGUIDE HOLDING GMBH
                                 and MYGUIDEGPS LTD.
25

26

27

28

COMPLAINT

- 24 -

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy of in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.    Cornelius Jan Quirijns, MyGuide Holding GmbH

2.    Sonja Berchtold, MyGuide Holding GmbH

3.    Leon Sijbers, MyGuide Holding GmbH

4.    Wouter Muller, MyGuide Holding GmbH

5.    Hans Fraats, MyGuide Holding GmbH

6.    Roel Pieper, MyGuide Holding GmbH

7.    RoadGroup Holding AG

DATED:  January 4, 2008          HARVEY SISKIND LLP

By: _____
           Seth I. Appel

D. PETER HARVEY, ESQ.
SETH I. APPEL, ESQ.
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111

Lisa Pearson, Esq.
KILPATRICK STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, NY 10019

W. Mark Conger, Esq.
Jocelyn Burton, Esq.
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101

Attorneys for Plaintiffs,
MYGUIDE HOLDING GMBH
and MYGUIDEGPS LTD.

# EXHIBIT 1

**MY GUIDE**
North & South America

## Easy Navigation from Coast to Coast in North America:

*MyGuide...we take you home  MyGuide..we take you home  MyGuide..we take you hom*



USA
*San Francisco to Boston....Vancouver to Miami..*



Canada
*and all points in between*

MyGuide is one of Europe's leading portable navigation brands. Present in Europe since 2004, the MyGuide has established itself as an innovative, feature-rich brand in portable navigation.

MyGuide has a program of world-class products: unique product designs; easy, intuitive software; multi-functional products and a full set of accessories in every box. All of this is supported by quick and responsive tech support, both pre– and post-sales, through E–mail and a toll-free telephone number.

MyGuide in the USA is available at many retail stores and e-tailers.

Product Information
Technical Support
GPS Technology

(Worldwide
Website)
Maps & Languages
Where to buy

Detailed Product Informtion
How Maps Are Made - Updates
Contact us

Home

Contact

<![endif]><![endif]>

MYGUIDE

Contact:
Ares Digital Inc
Milpitas, CA 95035

Support : 1 877 364 2915
Support Email: support@aresdigital.com
Registration: www.aresdigital.com/register

Office:   408 240 1849
Email:    info@aresdigital.com

Main USA Website: http://www.aresdigital.com
Worldwide Website: http://www.myguidegps.com



Home Products Support Buy GPS Contact

Support



**Technical Support**
Call 1 877 364 2915  Email: support@aresdigital.com

- 3050  Entry Level  Multifunctional  Portable GPS device
  FAQ
  Manual

- 3240  1st Generation GPS device
  How to Load Maps
  FAQ
  Manuals

MyGuide Return Policies:

MyGuide offers one of the most comprehensive warranties in the industry. We control the quality of the materials and components during manufacture. In the rare case that a product needs to be replaced, please call us on the toll free number 1 877 364 2915. At this point a technician will diagnose the problem. If required, a Return Merchandise Authorization (RMA) will be issued. The return location will also be advised. Be sure to quote the RMA number on the package returned. We will pay the return postage charges to you. Turnaround time is typically 24 hrs.

MyGuide Map Updates

Policies  & Procedures        English   French   Spanish






ProductsSupport  Buy   GPS  Contact

http://www.aresdigital.com/Support_main.htm

1/4/2008



Map data

## Map Software & languages

Map software versions are published regularly. These are not always backward compatible. Please contact support to see if software can be updated.

Languages  The list is growing, so please visit this page regularly

**Pre-Installed Lanuages**

**MyGuide 6.0**

| | |
|---|---|
| Croatian | Romanian |
| Czech | Russian |
| Danish | Slovak |
| Dutch | Spanish |
| Croatian | Suomi |
| Czech | Swedish |
| Danish | Turkish |
| Dutch | |
| English GB | |
| English US | |
| Flemish | |
| French | |
| German | |
| Greek | |
| Hebrew | |
| Hungarian | |
| Italian | |
| Norwegian | |
| Polish | |
| Portuguese | |

Please note that you can navigate in ANY languages irrespective which country map is in use.

MyGuide software sample video:  (Please note software has changed and all models are not available in North America)







Home  Products  Support  Buy  GPS  Contact

1/4/2008

Where to buy

<![endif]>

**Where To Buy**

At retail....





On the Internet... Search for MyGuide GPS - Call us if you cannot find MyGuide or want your favorite retailer to carry our products 1 877 364 2915 info@aresdigital.com



New Etailers added daily



Home  Products Support  Buy  GPS  Contact

Product Information
<![endif]>

**MYGUIDE**

## Product Information & Specifications

Maps available for North & South America, Europe, Middle East & Eastern Europe
Smart Keyboard, Smart Search
24 languages - Navigate in ANY language
Safety features - speed limit warning
Bluetooth capability (some models)
Export track logs and view route in Google Earth™
POIs (Points of Interest)
All North American Configurations have USA + Canada maps
http://www.myguidegps.com

| | | |
|---|---|---|
| 3000 Series | 3.5" | GPS \| MP3 \| PICTURE VIEWER \| MOVIE VIEWER \| GAMES |
| 3100 Series | 3.5" | GPS \| |
| 3300 Series | 3.5"<br>Bluetooth | GPS \| MP3 \| PICTURE VIEWER \| MOVIE VIEWER \| GAMES |
| 4300 Series | 4.3" | GPS \| MP3 \| PICTURE VIEWER \| MOVIE VIEWER \| GAMES |

   

Home  Products  Support  Buy  GPS  Contact



# Maps & Upgrades

**Who creates the maps for the MyGuide Devices?**
Tele Atlas provides the digital maps and location content for MyGuide Personal Navigation devices.  www.teleatlas.com

**How is the map data collected?**
To build and maintain its comprehensive global digital map database and location content, Tele Atlas uses information from a network of over 50,000 authoritative resources and a fleet of proprietary mobile mapping vans.  The combination of drivers and the resource network ensures that what goes into the maps is fully verified and accurate.  Everything, from satellite and aerial imagery, public data sources and filings, tax maps, web crawler tools, government sources, input from utility, fleet and postal drivers, helps the company confirm and double check where changes are taking place.

**How often are the updated maps made available?**
Currently, MyGuide obtains updates on a regular basis – and to this end, they incorporate the maps into their devices and make the current maps available online for users to download as well – ensuring users have the most updated maps as possible.

How can I get an updated map?
MyGuide will offer a fee-based map update in from April 2007 for our portable navigation devices.  We believe the new maps from our partner Tele Atlas are the best digital maps made commercially available and we think our customers will find them reliable, complete and robust.

**Upgrades** are available on a fee basis. Email us or visit your nearest stockist to inquire.  Please visit the TeleAtlas site below and check if the latest release includes your missing street or location. MyGuide strives to publish maps within 90 days of release; however stocks at retailers or etailers may contain an older version.

**Can I see if my street is on the most current version of the maps, and what can I do if it is missing? I see if my street is on the most current version of the maps, and what can I do if it is missing?**
Today, Tele Atlas features its live map data online – through Map Insight (http://www.teleatlas.com/MapInsight/index.htm).
Here, map users can directly report feedback on the maps for their review to help show Tele Atlas where it needs to research, analyze and make changes if necessary.  Information submitted then goes through Tele Atlas' thorough process during which it accurately researches, analyzes and resolves issues in the source data before changes are committed to the Tele Atlas' database.

   
Home  Products  Support  Buy   GPS   Contact

# EXHIBIT 2

| Eidesstattliche Versicherung | AFFIDAVIT |
|---|---|
| In Kenntnis der Strafbarkeit einer falschen eidesstattlichen Versicherung erkläre ich, Franz J. Abel, Rechtsanwalt mit Kanzlei in 66386 St. Ingbert, Kaiserstraße 77, Deutschland das Folgende an Eides statt zur Vorlage bei Gericht oder einem Staatsanwalt: | In knowledge of the punishability of a false affidavit, I, Franz J. Abel, attorney-at-law having my place of business in 66386 St. Ingbert, Kaiserstraße 77, Germany, hereby declare in the lieu of an oath the following to be presented to court or prosecutor: |
| Ich wurde mit Beschluss des Amtsgerichts Saarbrücken über die Eröffnung des Insolvenzverfahrens über das Vermögen der My-Guide Ltd. vom 23.05.2007, Az.: 106 IN 25/07, zum Insolvenzverwalter der MyGuide Ltd. bestellt. Mit Beschluss des Amtsgerichts Saarbrücken über die Eröffnung des Insolvenzverfahrens über das Vermögen der Anubis Electronic GmbH vom 08.06.2007, Az.: 106 IN 26/07, wurde ich zum Insolvenzverwalter der Anubis Electronic GmbH bestellt. In beiden Insolvenzverfahren war ich bereits als vorläufiger Insolvenzverwalter bestellt. | I have been formally assigned as liquidator of MyGuide Ltd by order of the local court of Saarbruecken to institute insolvency proceedings regarding the assets of MyGuide Ltd. dated 23.05.2007, file number.: 106 IN 25/07. Furthermore, I have been formally assigned as liquidator of Anubis Electronic GmbH by order of the local court of Saarbruecken to institute insolvency proceedings regarding the assets of Anubis Electronic GmbH dated 08.06.2007, file number.: 106 IN 26/07. In both proceedings I had been assigned as an interim liquidator before. |
| In der Sache kann ich folgende Angaben machen: | I have knowledge of the facts and can provide the following details: |
| Im Rahmen meiner Tätigkeit als vorläufiger Insolvenzverwalter und Insolvenzverwalter für die beiden vorgenannten Gesellschaften habe ich u.a. auch Recherchen über den wirtschaftlichen und gesellschaftsrechtlichen Werdegang angestellt. | In respect of my work as an interim liquidator and regular liquidator of both companies I made several research regarding the commercial and cooperate background. |
| Herr Dominique Bonk und Herr Michael Funke haben sich als Gesellschafter und Geschäftsführer der Anubis Electronic GmbH im Jahre 2005 entschlossen, das mobile Navigationsgeschäft der Anubis Electronic GmbH unter der Marke „My Guide" schrittweise auszugliedern. Zu diesem Zwecke wurde im Jahre 2006 die MyGuide Ltd. mit Sitz in Hongkong und einer Niederlassung in Hamburg, Deutschland gegründet. Tatsächlich wurden die Geschäfte jedoch bei der Anubis Electronic GmbH in Saarbrücken geführt. | Mr. Dominique Bonk and Mr. Michael Funke, in their function as stockholder and CEO of Anubis Electronic GmbH decided in 2005 to outsource step-by-step the mobile navigation business of Anubis Electronic GmbH under the trademark „My Guide". For this purpose, they founded the MyGuide Ltd. based in Hongkong, China, with a subsidiary in Hamburg, Germany, in 2006. In fact, Anubis Electronic GmbH carried on the business in Saarbruecken, Germany. |
| Direktor der MyGuide Ltd. war Herr Dirk Heindörfer. Auch Herr Bonk war im Bereich Einkauf, Marketing und Vertrieb für die MyGuide Ltd. tätig. Einen schriftlichen Anstellungsvertrag gab es nicht. Herr Bonk erhielt auch keinerlei Zahlungen von der MyGuide Ltd.. | Managing director of MyGuide Ltd. was Mr. Heindörfer. Mr. Bonk also worked for My Guide in the Purchasing, Marketing and Distribution departments. Neither existed a written employment contract between the parties nor received Mr. Bonk any payments. |
| Die Martix GmbH, nunmehr firmierend unter MyGuide GmbH, beabsichtigte, unter der Marke MyGuide das weltweite Navigationsgeschäft der Insolvenzschuldner fortführen. Des- | Matrix GmbH, now trading under MyGuide GmbH, intended to continue debtors' worldwide navigation systems business. She therefore entered into negotiations about purchas- |

- 2 -

halb trat sie mit mir in Verhandlung über den Kauf des Unternehmensbereichs „Mobile Navigation" beider insolventer Gesellschaften.

Wenn mir heute erklärt wird, dass eine Wort-/Bildmarke „MyGuide" in den USA im Auftrag einer beiden der oben genannten Gesellschaften in der Vergangenheit von einem Agenten registriert wurde, so kann ich hierzu nur erklären, dass ich mir in meiner Eigenschaft als Insolvenzverwalter der Anubis Electronic GmbH und der MyGuide Ltd. mit der Martix GmbH als Käuferin über die stillschweigende Mitabtretung aller bei den Gesellschaften vorhandener Rechte an Marken und Unternehmenskennzeichen einig war soweit es den Unternehmensteil „Mobile Navigation" betraf. Dies betrifft insbesondere auch etwaige Ansprüche der Gesellschaften auf (Rück-) Übertragung der registrierten Wort-/Bildmarke gegen die Agenten bzw. sonstige Dritte.

Rein vorsorglich trete ich hiermit als Insolvenzverwalter der Anubis Electronic GmbH und der MyGuide Ltd. alle Rechte an Marken und Unternehmenskennzeichen soweit es den Unternehmensteil „Mobile Navigation" betrifft, insbesondere auch etwaige Ansprüche der Gesellschaften auf (Rück-)Übertragung der registrierten Wort-/Bildmarke gegen die Agenten bzw. sonstige Dritte, an die MyGuide GmbH ab.

Mit einer Vorlage meiner eidesstattlichen Versicherung als Mittel der Glaubhaftmachung bei einem inländischen oder ausländischen Zivilgericht oder einer Staatsanwaltschaft bin ich einverstanden.

_Ge. Lyhot, 21·11.07_
Ort, Datum

ing the corporate sector "Mobile Navigation" of both insolvent companies.

When informing me today that an agent has registered a word/figurative mark "MyGuide" in the United States of America on behalf of one of the two above mentioned companies, then I can only explain that I, in my capacity as liquidator of Anubis Electronic GmbH and MyGuide Ltd., agreed with Matrix GmbH, as the purchaser, on the implied assignment of all rights, marks and trade names resting within the companies, as far as the corporate sector "Mobile Navigation" is concerned. This especially also regards to any claims of (re-) transferring/assigning the registered word/figurative marks against the agents and/or other third parties.

For reasons of precaution, I, in my capacity as liquidator of Anubis Electronic GmbH and of MyGuide Ltd., herewith, transfer and assign to MyGuide GmbH again all rights on marks and trade names as well as any companies' possible claims of (re-) transferring/assigning the registered word/figurative marks against the agents and/or other third parties, as far as the corporate sector "Mobile Navigation" is concerned.

I agree that this affidavit will be furnished to German or foreign courts and/or law prosecutors as prima facie evidence for the existence of a claim.

_M. Lyhot, 21·11.07_
Place, date

/ 3

- 3 -

| Franz J. Abel | Franz J. Abel |
|---|---|
|  |  |

# EXHIBIT 3

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,227,772
Registered Apr. 10, 2007

## TRADEMARK
### PRINCIPAL REGISTER



KEMPS, RANDOLPH A (UNITED KINGDOM INDIVIDUAL)
36 RALSTON ROAD
ATHERTON, CA 94027

FOR: GLOBAL POSITIONING SYSTEM (GPS) CONSISTING OF COMPUTERS, COMPUTER SOFTWARE, TRANSMITTERS, RECEIVERS, AND NETWORK INTERFACE DEVICES; PORTABLE LISTENING DEVICES, NAMELY, MP3 PLAYERS; PORTABLE MEDIA PLAYERS; SATELLITE NAVIGATIONAL SYSTEM, NAMELY, A GLOBAL POSITIONING SYSTEM (GPS); VEHICLE LOCATOR AND RECOVERY DEVICE PROGRAMMED TO USE GLOBAL POSITIONING SYSTEMS (GPS) AND CELLULAR TELECOMMUNICATIONS; VEHICLE MOUNTED GPS SENSOR FOR DETERMINING THE RATE OF MOTION FOR A VEHICLE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-15-2005; IN COMMERCE 11-6-2005.

THE MARK CONSISTS OF AN OVAL AND BAND DESIGN WITH MYGUIDE TO THE RIGHT OF THE DESIGN IN STYLIZED LETTERING.

SER. NO. 78-905,441, FILED 6-10-2006.

KAPIL BHANOT, EXAMINING ATTORNEY

# EXHIBIT 4

**From:**      Randy [randyk@att.net]
**Sent:**      Sunday, April 15, 2007 12:13 AM
**To:**        Dominique Bonk; Dirk Heindörfer [MyGuide]
**Subject:**   MyGuide US Trademark Registration
**Importance:** High

Gentlemen: I am happy to inform you that the US Trademark & Patent Office issued the MyGuide Trademark on 10th April. The registration no is 3,227,772. The next time we meet I will bring a document that will transfer the registration to MyGuide Ltd. or whom you want



**CERTIFICATE OF REGISTRATION**
**PRINCIPAL REGISTER**



Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,227,772
Registered Apr. 10, 2007

TRADEMARK
PRINCIPAL REGISTER



KEMPE, RANDOLPH A (UNITED KINGDOM INDIVIDUAL)
36 RALSTON ROAD
ATHERTON, CA 94027

FOR: GLOBAL POSITIONING SYSTEM (GPS) CONSISTING OF COMPUTERS, COMPUTER SOFTWARE, TRANSMITTERS, RECEIVERS, AND NETWORK INTERFACE DEVICES; PORTABLE LISTENING DEVICES, NAMELY, MP3 PLAYERS; PORTABLE MEDIA PLAYERS; SATELLITE NAVIGATIONAL SYSTEM, NAMELY, A GLOBAL POSITIONING SYSTEM (GPS); VEHICLE LOCATOR AND RECOVERY DEVICE PROGRAMMED TO USE GLOBAL POSITIONING SYSTEMS (GPS) AND

CELLULAR TELECOMMUNICATIONS; VEHICLE MOUNTED GPS SENSOR FOR DETERMINING THE RATE OF MOTION FOR A VEHICLE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-15-2005; IN COMMERCE 11-6-2005.

THE MARK CONSISTS OF AN OVAL AND BAND DESIGN WITH MYGUIDE TO THE RIGHT OF THE DESIGN IN STYLIZED LETTERING.

SER. NO. 78-905,441, FILED 6-10-2006.

KAPIL BHANOT, EXAMINING ATTORNEY

Randy

# EXHIBIT 5

Randolph Kemps

36 Ralston Road,
Atherton, CA 94027
Tel: 650 363 8926  Email: randyk@att.net

June 13, 2007

Martix M&S GmbH
6300 Zug
Switzerland

## Re: Transfer of MyGuide Trademark and Logo

I, Randolph Kemps, as beneficial owner of the Trademark and Logo of MyGuide in the USA (number 3227772; registered 10th April 2007) declare that I intend to transfer all rights of MyGuide Trademark and logo owned by me directly or indirectly to Martix M&S GmbH (to be called MyGuide_New) upon the execution of a definitive agreement between Martix / MyGuide_New and Ares Digital, Inc that will include the following Terms:

a) Martix M&S GmbH, and all current and future assignees of its rights in the marketing and distribution of MyGuide branded products, signs a distribution contract with ARES Digital Inc. for the distribution of the MyGuide branded products in the North American region (NAFTA countries)  for a period of 2 years (with standard extension clause) . Such distribution contract to include a provision that Ares Digital, Inc will receive best distribution price for MyGuide branded products and assures first priority in the delivery of MyGuide product.
b) Martix M&S GmbH shall reimburse me for the cost of the registration of the Trademark (cost indication: $7200,--), payable at the time of signature of a definitive Agreement and;
c) Use best efforts to fulfill the existing PO No 20060531-12 for CompUSA as sent to MyGuide Hong Kong on 5/31/2007 and acknowledge that time is of the essence in completing this transaction. Upon receipt of this signed letter Martix M&S GmbH will treat this order with utmost priority and arrange for immediate dispatch of the order from Xiamen, ROC.

I am prepared to execute a mutually contingent agreement whereby Martix grants me distribution rights for North America and concurrently I will transfer my rights to the MyGuide Trademark and Logo to Martix.  Please send me a draft for review.

Signed

Randolph Kemps

# EXHIBIT 6

From: <adenleen@planet.nl>
Subj: IMPORTANT Agreements with Randy Kemps on pending topics
Date: Sat Oct 13, 2007 7:27 pm
Size: 5K
To: <randyk@att.net>
cc:
<lpfvandevoort@audacefinance.com>,<ad.bastiaansen@roadgroupholding.com>,<ade
nleen@planet.nl>,<liuxiaofengbe@yahoo.com>

    Dear Randy,

With reference to our long phone call earlier today I confirm the main
topics we have discussed and agreed upon:
Employment agreement:
  We will send to you a final version of your employment agreement with My
Guide today Oct. 14( already done see our mail earlier today ) By Monday (
Oct. 15 ) You will send 2 hardcopies signed by you to My Guide In
Switzerland and send a digital scan of the cop signed by you to My Guide
Switzerland att. Cees jan Quirijns and put me and our CFO ( leo van de Voort
) in copy.
Transfer of Trade mark registration
In line to previous agreement to transfer the My guide trademarks all
conditions as discussed are fulfilled and you will take care that the actual
transfer is executed by Wednesday Oct. 17 latest.

Outstanding payment.
You will make sure you have paid the full amount of outstanding payment (
ref. emails of Monica Lin ) by ThursdayOct. 18. ( you indicated that a part
Euro 150 K was paid last week already....Leo please check )

Belk and other US Accounts
  You will discuss the situation with Belk on Monday Oct. 15. We put until
further notice deliveries o hold ( also the second shipment of 1200 units ).
You will take care that INTP ( or belk ) pays the delivered 1800 pieces by
Monday Oct 15 as previously agreed or latest onThursday Oct. 18 when Mr Herb
Hilton is back from Holiday In the mean time I have asked Robert Roussac and
Andreas Hoffmannto give you support in approach US customers during next
days / weeks to improve the starting position ofMy Guide North America.
Robert will initiate a phone conference with you to coordinate this activity
with you. You will join our Quarterly meeting ( M&S and Management meetings
on resp Oct 29-31 and Nov 5 - 7 in Eindhoven )
Kind regards

Ad Bastiaansen

# EXHIBIT 7

**From:** Randy Kemps [mailto:randyk@att.net]
**Sent:** Wednesday, October 24, 2007 9:55 PM
**To:** 'Ad Bastiaansen'
**Subject:** Private & Confidential

Mr. Ad Bastiaansen,
CEO Road Group,
Dreef 32
2012 HS Haarlem
The Netherlands

Dear Ad,

I regret to inform you that I withdraw my Letter of Intent of June 13, 2007 in light of the failures of Martix et al 1) to satisfy orders from Belk, Wal-Mart, Frys etc. for MyGuide products, and 2) to conclude an understanding on commissions earned by Ares Digital, Inc for obtaining and supporting  these orders and reimbursement fir trademark expenses, and 3) to conclude a 2-year most favored distribution understanding among other conditions stated in the letter. This is a decision taken under guidance from my advisors and partners and many hours of soul-searching.

I cannot see the ability to recover from these failures in the short term if I do not honor these contracts. The impact on my business  and on me personally is substantial.  Under the circumstances MyGuide Holding GmbH should perhaps consider the outright purchase of the Trademark, and all rights pertaining thereto, for an amount to be agreed, as the best way forward.. Please let me know your thoughts,

Under the circumstances, I shall not be attending your meeting in Eindhoven

Sincerely,

Randolph Kemps

# EXHIBIT 8

From: Randy [mailto:randyk@att.net]
Sent: donderdag 29 november 2007 19:13
To: Ad Bastiaansen
Cc: 'Ad Bastiaansen'
Subject: Co-Operation
Importance: High


Ad, I have had a chance to reflect on the current MyGuide North American
situation these past few weeks. There is a cloud hanging over the
relationship and my customers (Belk, INTP) are very confused by the
MyGuide organization and business model, not to mention Wal-Mart & Frys
and others.  All of this means that I am really not sure of where I
stand in the organization and the interaction with some key team
members. Till recently, we were acting as part of the same organization.
Andreas' comments to a Sr. VP at Belk that I am hindering business, is
the ultimate in trying to destroy relations between a customer and a
MyGuide team member (Belk does not know of our internal issues and see
me as MyGuide). In any event, they chose to walk away from doing
business with MG HKG.


For this and other reasons, I feel that I do not fit into the MyGuide
team. My attitude and handling of customers is very different and
whatever differences we may have, I do not use customers/vendors to act
out my frustrations. Thus, any future co-operation is burdened by some
poor history. I think that this is a key element for me as a person,
working at a long distance. I do not want to spend my time in
"political" and unproductive battles.

So, I have come to a final conclusion that I will have no success as a
MyGuide team member. I truly appreciate your offer to join MyGuide. I
believe that this is also in the best interests of new MyGuide as you
don't need distractions and infighting in your team. I believe that
MyGuide should acquire the trademark from me for a price to be agreed,
you should put your own staff here in the USA and establish a strategy
to penetrate the US market and continue the work started.


You have always been direct and fair to me and I regret that I must come
to this conclusion. But the market has enough challenges that will keep
you busy and I do not think you should spend your time negotiating peace
between your team members.. I am of course willing to meet - as agreed
on 6th - and discuss where we proceed from here. BUT you should know and
respect my decision.  If you would indicate what MG might offer for the
TM, we can start from there. I truly believe this is in the interests of
both parties.


Sincerely

Randy

# EXHIBIT 9



www.myguidegps.com



MyGuideGPS Ltd. • Eberfallee 19 • 22607 Hamburg • Germany

Bill to
Are Digital, Inc / MyGuide USA
36 Ralston rd
Atherton, CA 94027

|  |  |
|---|---|
| Date : | June 16, 2007 |
| Invoice no.: | PF2007525 |
| Your Reference: | 925043138, 928046175, 926047267 & 929046878 |

## Commercial Invoice

| Pos | Description | Units Ordered (PCS) | Unit Price (USD) | Sub Total (USD) |
|---|---|---|---|---|
| | | | FCA XIAMEN | |
| 1 | **MYGUIDE 3100** **Item No. MG 13050** MyGuide portable navigation system Navigation only. US & Canada maps Accessories in retail box | 1,885 | $142.68 | $268,951.80 |
| 2 | Service Unit | 19 | FOC | |

|  |  |
|---|---|
| Net Total : | 000.00 |
| VAT : | 000.00 |
| Grand Total : | $268,951.80 |

Say In U.S Dollars Two Hundred Sixty Eight Thousand Nine Hundred Fifty One and Cents Eighty Only.

**Please pay to**
Corresponding/Intermediate bank : Citibank N.A., New York
Swift code: CITIUS33
Beneficiary bank : Citibank N.A., Hong Kong
Swift code: CITIHKHX
Beneficiary account name : MyGuideGPS Limited
Account no. : 61347329



| | |
|---|---|
| Bank: | Citibank N.A., Hong Kong |
| Bank Adress: | Citibank Tsim Sha Tsui branch : 72 Nathan Road TST, Hong Kong |
| account name | MyGuideGPS Limited |
| Account No.: | 61347329 (USD) |
| SWIFT Code: | CITIHKHX |

**MYGUIDEGPS Limited**
Suite 604, 5/F, Empire Centre
68 Mody Road, Tsim Sha Tsui
Hongkong

Eberfallee 19
22607 Hamburg
Germany

www.myguidegps.com

fon: +852 -2367 5689
+886 (0)2 8226 2558
fax: +852 -2526 8456
+886 (0)2 8226 9957

fon: + 49 (0) 40/ 890653 - 0
fax +49 (0) 40/ 890653 – 26

info@myguidegps.com

# EXHIBIT 10



www.myguidegps.com



MyGuideGPS Limited ● Ebertallee 19 ● 22607 Hamburg ● Germany

**Bill to**
MyGuide USA
36 Ralston rd
Atherton, CA 94027

**Ship to**
World Source / INTP
c/o Air 7 Seas, Inc.
San Francisco Airport
San Francisco, CA

| | |
|---|---|
| Date : | 27 September 2007 |
| Invoice no.: | 20070921-US |
| Your Reference: | 473859216 |

## Commercial Invoice

| Pos | Description | Units Ordered (PCS) | Unit Price (USD) | Sub Total (USD) |
|---|---|---|---|---|
| 1 | **MYGUIDE 3100** **Item No. 13050** GPS navigation device Navigation only with US & Canada maps Accessories in retail box | 1800 | $140.00 | $252,000.00 |
| 2 | Accessories | 100 | FOC | |

| | |
|---|---|
| Net Total : | 000.00 |
| VAT : | 000.00 |
| Grand Total : | $252,000.00 |

Say In U.S Dollars Two Hundred Fifty Two Thousand Only.



**Please pay to**
Corresponding/Intermediate bank : Citibank N.A., New York
Swift code: CITIUS33
Beneficiary bank : Citibank N.A., Hong Kong
Swift code: CITIHKHX
Beneficiary account name : MyGuideGPS Limited
Account no. : 61347329

| | |
|---|---|
| Bank: | Citibank N.A., Hong Kong |
| Bank Adress: | Citibank Tsim Sha Tsui branch : 72 Nathan Road TST, Hong Kong |
| account name | MyGuideGPS Limited |
| Account No.: | 61347329 (USD) |
| SWIFT Code: | CITIHKHX |

**MYGUIDEGPS Limited**
Suite 504, 5/F, Empire Centre          fon +852-2367 5069
68 Mody Road, Tsim Sha Tsui            +886 (0)2 8226 2558
Hongkong                               fax +852-2526 9456
                                       +886 (0)2 8226 9957

Ebertallee 19                          fon + 49 (0) 40/ 890653 – 0
22607 Hamburg                          fax + 49 (0) 40/ 890653 – 29
Germany

http://www.myguidegps.com             info@myguidegps.com