1   David P. Morales, Esq., SBN 191229
    THE MORALES LAW FIRM
2   1414 Soquel Avenue, Suite 212
    Santa Cruz, CA  95062
3   Telephone: (831) 429-7900
    E-Mail: dmorales@moraleslawfirm.com
4
    Attorney for Defendants Randolph Kemps,
5   Ares Digital, Inc., and MyGuide (USA), Inc.

6               IN THE UNITED STATES DISTRICT COURT

7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                       SAN JOSE DIVISION

9

10

11  MYGUIDE HOLDING GMBH; and            Civil Action No.: CV 08-0057 JF
    MYGUIDEGPS LTD.,

12            Plaintiffs,               **ANSWER TO COMPLAINT AND
                                        COUNTERCLAIM FOR DAMAGES**
13
        vs.
14
15  RANDOLPH KEMPS, an individual; ARES
    DIGITAL, INC.; and MYGUIDE (USA), INC.,
16
              Defendants.               **JURY TRIAL DEMANDED**
17

18  ─────────────────────────────────

19  RANDOLPH KEMPS, an individual; ARES
    DIGITAL, INC.; and MYGUIDE (USA), INC.,
20
              Counterclaimants,
21
        vs.
22
23  MYGUIDE HOLDING GMBH; and
    MYGUIDEGPS LTD.,
24
              Counterdefendants.
25

26

27      COME NOW Defendants RANDOLPH KEMPS ("Kemps"), in his official and individual

28  capacities, ARES DIGITAL, INC. ("Ares"), a California corporation, and MYGUIDE (USA),

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**

INC. ("MyGuide USA"), a California corporation, (collectively, "Defendants") and herewith answer the Complaint of MYGUIDE HOLDING GMBH ("MG Holding") and MYGUIDEGPS LTD. ("MG Ltd."), (collectively, "Plaintiffs") as follows:

1. Answering Paragraph 1 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

2. Answering Paragraph 2 of Plaintiffs' Complaint, Defendant Kemps admits only that he refuses to transfer his trademark registration no. 3,227,772 to Plaintiffs and that Plaintiffs have failed to fulfill their obligations to Defendants. Defendant Ares admits that it has not continued to make payments to Plaintiffs due to Plaintiffs' failures to fulfill their obligations to Ares. Defendants deny each and every other allegation contained in said paragraph.

3. Answering Paragraph 3 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

4. Answering Paragraph 4 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

5. Answering Paragraph 5 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

6. Answering Paragraph 6 of Plaintiffs' Complaint, Defendant Kemps admits only that he is a citizen of the United Kingdom presently residing at 36 Ralston Road, Atherton, California 94027, and the owner of trademark registration no. 3,227,772. Defendants deny each and every other allegation contained in said paragraph.

7. Answering Paragraph 7 of Plaintiffs' Complaint, Defendant Ares admits only that it is a California corporation with its principal place of business at 1817 Houret Court, Milpitas, California 95035, and that it distributed MYGUIDE branded products. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

contained in said paragraph, and on that basis deny each and every allegation contained therein.

8.   Answering Paragraph 8 of Plaintiffs' Complaint, Defendant MyGuide USA admits only that it is a California corporation with its principal place of business at 1817 Houret Court, Milpitas, California 95035, and that it distributed MYGUIDE branded products and does business under its trademark.  Defendant Kemps denies that MyGuide USA was incorporated on September 18, 2007.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

9.   Answering Paragraph 9 of Plaintiffs' Complaint, Defendants admit that the Court has subject matter jurisdiction over this action.

10. Answering Paragraph 10 of Plaintiffs' Complaint, Defendants admit that personal jurisdiction and venue in this District are proper.

11. Answering Paragraph 11 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

12. Answering Paragraph 12 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

13. Answering Paragraph 13 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

14. Answering Paragraph 14 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

15. Answering Paragraph 15 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

16. Answering Paragraph 16 of Plaintiffs' Complaint, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

17. Answering Paragraph 17 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

18. Answering Paragraph 18 of Plaintiffs' Complaint, Defendant Kemps denies that he was a distributor, and denies the alleged conversation in Saarbrucken.  Defendant Kemps admits that he was willing to transfer his trademark registration upon performance of Old MyGuide's agreed obligations. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

19. Answering Paragraph 19 of Plaintiffs' Complaint, Defendant Kemps admits that he applied to register the MYGUIDE mark in International Class 9 with the U.S. Patent and Trademark Office on June 10, 2006, that he received U.S. Registration No. 3,227,772 on April 10, 2007, and that a copy of said registration attached as Exhibit 3 to the Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

20. Answering Paragraph 20 of Plaintiffs' Complaint, Defendant Kemps admits only that he agreed to assign his MYGUIDE trademark registration to Old MyGuide upon performance of certain obligations promised by Old MyGuide, and that the email attached as Exhibit 4 to the Complaint reflects his willingness to comply with the agreement between those parties. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

21. Answering Paragraph 21 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

22. Answering Paragraph 22 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

23. Answering Paragraph 23 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

24. Answering Paragraph 24 of Plaintiffs' Complaint, Defendant Kemps denies that he was a third-party distributor.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

25. Answering Paragraph 25 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

26. Answering Paragraph 26 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

27. Answering Paragraph 27 of Plaintiffs' Complaint, Defendant Kemps admits that he had met with Old MyGuide in the United State and that they visited some customers together. Defendants deny each and every other allegation contained therein.

28. Answering Paragraph 28 of Plaintiffs' Complaint, Defendant Kemps admits that he incorporated MyGuide (USA) Inc. on that date.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

29. Answering Paragraph 29 of Plaintiffs' Complaint, Defendants refer to and hereby incorporate their responses to Paragraphs 19-20 above.  Defendant Kemps admits that he obtained said trademark registration and pursuant to Old MyGuide's request and based on its representations he provided the identified email.

30. Answering Paragraph 30 of Plaintiffs' Complaint, Defendants are without sufficient

1   knowledge or information to form a belief as to the truth of the allegations contained in said
2   paragraph, and on that basis deny each and every allegation contained therein.

3       31. Answering Paragraph 31 of Plaintiffs' Complaint, Defendants are without sufficient
4   knowledge or information to form a belief as to the truth of the allegations contained in said
5   paragraph, and on that basis deny each and every allegation contained therein.

6       32. Answering Paragraph 32 of Plaintiffs' Complaint, Defendant Kemps admits that he
7   engaged in such discussions with New MyGuide during this timeframe and beyond, but denies
8   that he added conditions which were not part of his original agreement with Old MyGuide.
9   Defendants are without sufficient knowledge or information to form a belief as to the truth of the
10  remaining allegations contained in said paragraph, and on that basis deny each and every such
11  allegation contained therein.

12      33. Answering Paragraph 33 of Plaintiffs' Complaint, Defendant Kemps admits only that
13  he sent the Letter of Intent attached as Exhibit 5 to the Complaint pursuant to Plaintiffs' request
14  and based on Plaintiffs' representations.   Defendants are without sufficient knowledge or
15  information to form a belief as to the truth of the remaining allegations contained in said
16  paragraph, and on that basis deny each and every such allegation contained therein.

17      34. Answering Paragraph 34 of Plaintiffs' Complaint, Defendants deny that said conditions
18  were not part of the original agreement between Old MyGuide and Kemps.   Defendants are
19  without sufficient knowledge or information to form a belief as to the truth of the remaining
20  allegations contained in said paragraph, and on that basis deny each and every allegation
21  contained therein.

22      35. Answering Paragraph 35 of Plaintiffs' Complaint, Defendants are without sufficient
23  knowledge or information to form a belief as to the truth of the allegations contained in said
24  paragraph, and on that basis deny each and every allegation contained therein.

25      36. Answering Paragraph 36 of Plaintiffs' Complaint, Defendants are without sufficient
26  knowledge or information to form a belief as to the truth of the allegations contained in said
27  paragraph, and on that basis deny each and every allegation contained therein.

28      37. Answering Paragraph 37 of Plaintiffs' Complaint, Defendant Kemps admits only that

he withdrew his Letter of Intent due to Plaintiffs' failure to perform their obligations, as indicated in Exhibit 7 to the Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

38. Answering Paragraph 38 of Plaintiffs' Complaint, Defendant Kemps admits only that the parties have been unable to resolve this dispute informally due to Plaintiffs' continued failure to perform obligations previously agreed. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

39. Answering Paragraph 39 of Plaintiffs' Complaint, Defendant Kemps admits only that he has not transferred his trademark registration to New MyGuide due to New MyGuide's continued failure to perform obligations previously agreed. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

40. Answering Paragraph 40 of Plaintiffs' Complaint, Defendant Kemps admits that he sent the e-mail attached as Exhibit 8 to the Complaint.

41. Answering Paragraph 41 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

42. Answering Paragraph 42 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

43. Answering Paragraph 43 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

44. Answering Paragraph 44 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

45. Answering Paragraph 45 of Plaintiffs' Complaint, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

46. Answering Paragraph 46 of Plaintiffs' Complaint, Defendant Ares admits only that it agreed to pay the full purchase price within 37 days for goods timely shipped and received. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

47. Answering Paragraph 47 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

48. Answering Paragraph 48 of Plaintiffs' Complaint, Defendants deny that said amounts are owing.

49. Answering Paragraph 49 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

50. Answering Paragraph 50 of Plaintiffs' Complaint, Defendants deny that at not time did any of them object to said invoice.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

51. Answering Paragraph 51 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

52. Answering Paragraph 52 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 51 as if fully incorporated herein.

53. Answering Paragraph 53 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

54. Answering Paragraph 54 of Plaintiffs' Complaint, Defendant Kemps admits only that it is the owner of Registration No. 3,227,772.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said

paragraph, and on that basis deny each and every such allegation contained therein.

55. Answering Paragraph 55 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

56. Answering Paragraph 56 of Plaintiffs' Complaint, Defendants admit that the Court has power over mark registrations as set forth in 15 U.S.C.A. §1119 (West 2008). Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

57. Answering Paragraph 57 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

58. Answering Paragraph 58 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 57 as if fully incorporated herein.

59. Answering Paragraph 59 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

60. Answering Paragraph 60 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

61. Answering Paragraph 61 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

62. Answering Paragraph 62 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

63. Answering Paragraph 63 of Plaintiffs' Complaint, Defendants deny that their actions are unlawful. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

64. Answering Paragraph 64 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

65. Answering Paragraph 65 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 64 as if fully incorporated herein.

66. Answering Paragraph 66 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

67. Answering Paragraph 67 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

68. Answering Paragraph 68 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 66 as if fully incorporated herein.

69. Answering Paragraph 69 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

70. Answering Paragraph 70 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

71. Answering Paragraph 71 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 70 as if fully incorporated herein.

72. Answering Paragraph 72 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

73. Answering Paragraph 73 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

74. Answering Paragraph 74 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 73 as if fully incorporated herein.

75. Answering Paragraph 75 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

76. Answering Paragraph 76 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

77. Answering Paragraph 77 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 76 as if fully incorporated herein.

78. Answering Paragraph 78 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

79. Answering Paragraph 79 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

80. Answering Paragraph 80 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

81. Answering Paragraph 81 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

82. Answering Paragraph 82 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 81 as if fully incorporated herein.

83. Answering Paragraph 83 of Plaintiffs' Complaint, Defendant Kemps admits that he was willing to transfer his Registration No. 3,337,722 to New MyGuide provided certain conditions precedent were timely met and he provided the Letter of Intent pursuant to New MyGuide's request. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

84. Answering Paragraph 84 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

85. Answering Paragraph 85 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

86. Answering Paragraph 86 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

87. Answering Paragraph 87 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

88. Answering Paragraph 88 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 87 as if fully incorporated herein.

89. Answering Paragraph 89 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

90. Answering Paragraph 90 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

91. Answering Paragraph 91 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

92. Answering Paragraph 92 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

93. Answering Paragraph 93 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 92 as if fully incorporated herein.

94. Answering Paragraph 94 of Plaintiffs' Complaint, Defendants Kemps admits only that he agreed to transfer his Registration No. 3,227,772 to Old MyGuide subject to their performance of obligations previously agreed. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

95. Answering Paragraph 95 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

96. Answering Paragraph 96 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

97. Answering Paragraph 97 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

98. Answering Paragraph 98 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

99. Answering Paragraph 99 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

100.    Answering Paragraph 100 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

101.    Answering Paragraph 101 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

102.    Answering Paragraph 102 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 101 as if fully incorporated herein.

103.    Answering Paragraph 103 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

104.    Answering Paragraph 104 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

105.    Answering Paragraph 105 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

106.    Answering Paragraph 106 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

107.    Answering Paragraph 107 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 106 as if fully incorporated herein.

108.    Answering Paragraph 108 of Plaintiffs' Complaint, Defendants deny that they

1   owe the alleged amounts, and Defendants admit that they have not paid said amount on said

2   invoices.

3       109.    Answering Paragraph 109 of Plaintiffs' Complaint, Defendants deny each and

4   every allegation contained therein.

5       110.    Answering Paragraph 110 of Plaintiffs' Complaint, Defendants repeat and

6   incorporate by reference their responses to the allegations contained in Paragraphs 1 through 109

7   as if fully incorporated herein.

8       111.    Answering Paragraph 111 of Plaintiffs' Complaint, Defendants admit only that

9   Kemps was willing to transfer his trademark registration upon performance of certain conditions

10  precedent by Old MyGuide and/or by New MyGuide.  Defendants deny the each and every

11  remaining allegation contained therein.

12      112.    Answering Paragraph 112 of Plaintiffs' Complaint, Defendants deny each and

13  every allegation contained therein.

14      113.    Answering Paragraph 113 of Plaintiffs' Complaint, Defendants deny each and

15  every allegation contained therein.

16      114.    Answering Paragraph 114 of Plaintiffs' Complaint, Defendants deny each and

17  every allegation contained therein.

18      115.    Answering Paragraph 115 of Plaintiffs' Complaint, Defendants are without

19  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

20  said paragraph, and on that basis deny each and every allegation contained therein.

21      116.    Answering Paragraph 116 of Plaintiffs' Complaint, Defendants are without

22  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

23  said paragraph, and on that basis deny each and every allegation contained therein.

24      117.    Answering Paragraph 117 of Plaintiffs' Complaint, Defendants deny each and

25  every allegation contained therein.

26      118.    Answering Paragraph 118 of Plaintiffs' Complaint, Defendants repeat and

27  incorporate by reference their responses to the allegations contained in Paragraphs 1 through 117

28  as if fully incorporated herein.

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-0057 JF        - 14 -

119.    Answering Paragraph 119 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

120.    Answering Paragraph 120 of Plaintiffs' Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

121.    Answering Paragraph 121 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

122.    Answering Paragraph 122 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

123.    Answering Paragraph 123 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

124.    Answering Paragraph 124 of Plaintiffs' Complaint, Defendants repeat and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 123 as if fully incorporated herein.

125.    Answering Paragraph 125 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

126.    Answering Paragraph 126 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

1.  As and for a first, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

2.  As and for a second, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred because the obligations of Defendants were discharged or otherwise terminated in bankruptcy.

3.  As and for a third, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the

Doctrine of Estoppel.

4.   As and for a fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by reason of the lack, or inadequacy, of consideration that defeats the effectiveness of the contract between the parties.

5.   As and for a fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Fraud.

6.   As and for a sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Illegality.

7.   As and for a seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Laches.

8.   As and for an eighth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Res Judicata.

9.   As and for a ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Statute of Frauds.

10. As and for a tenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the applicable Statute of Limitations.

11. As and for a eleventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Waiver.

12. As and for a twelfth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred for

failure of conditions precedent, including, without limitation: the agreed transfer of Defendant's independent distribution company assets to Old MyGuide in exchange for a 10% interest in Old MyGuide and a management role for Defendant Kemps; and Plaintiffs' failure to timely and properly fulfill orders as agreed, resulting in substantial financial losses to Defendants.

13. As and for a thirteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Unclean Hands.

14. As and for a fourteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs failed to mitigate their damages. The damages claimed by Plaintiffs could have been mitigated by due diligence on Plaintiffs' part, and each of them, or by one acting under similar circumstances. The failure to mitigate is a bar to recovery under the Complaint.

15. As and for a fifteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege on information and belief that the sole and proximate cause of the acts complained of by Plaintiffs were due to the acts and/or omissions of persons and entities other than Defendants.

16. As and for a sixteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that their conduct was not the cause in fact, or the proximate cause, of any of the losses alleged by Plaintiffs.

17. As and for a seventeenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred in whole or in part by the privilege of fair competition.

18. As and for an eighteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by Plaintiffs' own negligence, carelessness, recklessness, or other fault in an about the matters alleged in the Complaint.

19. As and for a nineteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the

1  Doctrine of Consent.

2      20. As and for a twentieth, separate and distinct affirmative defense to the Complaint, and

3  each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by

4  Plaintiffs' abandonment of their alleged rights in the mark(s) in issue.

5      21. As and for a twenty-first, separate and distinct affirmative defense to the Complaint,

6  and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred

7  because Defendants had an implied license to use the mark(s) in issue.

8      22. As and for a twenty-second, separate and distinct affirmative defense to the Complaint,

9  and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred

10  by Plaintiffs' lack of standing to sue.

11      23. As and for a twenty-third, separate and distinct affirmative defense to the Complaint,

12  and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred

13  by Plaintiffs' failure to use the mark(s) in question in interstate commerce.

14      24. As and for a twenty-fourth, separate and distinct affirmative defense to the Complaint,

15  and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred

16  by the Doctrine of Acquiescence.

17      25. As and for a twenty-fifth, separate and distinct affirmative defense to the Complaint,

18  and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred

19  by the Doctrine of Preemption.

20      26. As and for a twenty-sixth, separate and distinct affirmative defense to the Complaint,

21  and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred

22  due to the Doctrine of Lack of Secondary Meaning.  Plaintiffs' alleged mark(s) are descriptive

23  and not inherently distinctive.  Further, Plaintiffs' mark(s) have not become distinctive in that

24  purchasers do not associate the mark(s) with Plaintiffs alone.

25      27. As and for a twenty-seventh, separate and distinct affirmative defense to the Complaint,

26  and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred

27  by the Doctrine of Fair Use.

28      28. As and for a twenty-eighth, separate and distinct affirmative defense to the Complaint,

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-0057 JF          - 18 -

and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by Defendants' priority of usage of the mark(s) over Plaintiffs as to the competitive market in issue.

29. As and for a twenty-ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred because there is no likelihood of confusion. The goods and/or services of Defendants are sold in a trade territory remote from Plaintiffs' usage.

30. As and for a thirtieth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Setoff and Recoupment.

31. As and for a thirty-first, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine that One Who Seeks Equity Must Do Equity.

32. As and for a thirty-second, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Unconscionability.

33. As and for a thirty-third, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Unjust Enrichment.

34. As and for a thirty-fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by the Doctrine of Unjust Enrichment.

35. As and for a thirty-fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by reason of the failure of consideration that defeats the effectiveness of the contract between the parties.

36. As and for a thirty-sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred due to

the fact that, through no fault of Defendants, the purposes recognized by the parties as the basis for the contract have been fundamentally frustrated and defeated.

37. As and for a thirty-seventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred because the Plaintiffs acted with negligence and bad faith concerning the matters alleged therein, breached obligations owing to the Defendants, and failed to timely, fully, and adequately perform the terms and conditions therein, thereby preventing Defendants' performance and discharging any obligation on the part of Defendants. Plaintiff's actions constituted a breach of Plaintiffs' obligations in violation of contract and of the inherent covenant of good faith and fair dealing.

38. As and for a thirty-eighth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred by reason of the provisions of § 1698 of the California Civil Code governing the modification of contracts and the law relevant thereto. Accordingly, the original contract cannot form a basis for liability and the modified contract cannot support any liability on the part of Defendants.

39. As and for a thirty-ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred due to the uncertainty of the pleadings in the Complaint.

40. As and for a fortieth, separate and distinct affirmative defense to the Complaint, and each and every cause of action thereof, Defendants allege that Plaintiffs' claims are barred due to the abandonment or mutual rescission of the contract in issue.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

WHEREFORE, these answering Defendants pray for judgment as follows:

2

1.  That Plaintiffs take nothing by their Complaint;

3

2.  For reasonable attorney's fees and costs of suit incurred herein; and

4

3.  For such other and further relief as the Court deems just and proper.

5

Dated: February 25, 2008

6

7

David P. Morales,
Attorney for Defendants

8

9

### COUNTERCLAIM FOR DAMAGES

10

11

1.  This is a countersuit for equitable relief and damages for the actions of MYGUIDE

12

HOLDING GMBH ("MG Holding") and MYGUIDEGPS, LTD., ("MG Ltd.") (collectively,

13

"Counterdefendants" or "New MyGuide") for actions of each of them, and as successors-in-

interest to MARTIX M&S GMBH ("Martix"), ANUBIS ELECTRONIC GMBH ("Anubis") and

14

MYGUIDE (HONG KONG) LTD. ("MG Hong Kong") and their respective shareholders and

15

directors, Mr. Dominique Bonk and Mr. Michael Funke, (collectively, "New MyGuide"), in

16

damaging  RANDOLPH KEMPS ("Kemps"), ARES DIGITAL, INC. ("Ares"), and MYGUIDE

17

(USA), INC. ("MyGuide USA"), (collectively, "Counterclaimants").

18

### JURISDICTION & VENUE

19

2. This Court has jurisdiction of this matter under 15 U.S.C. §§1121 and 1051 *et seq.*, 28

20

U.S.C. §§1331, 1332, 1338 and 1367 (West 2008). The issues in this dispute generally involve

21

matters of federal law, namely, trademark infringement, unfair competition, unjust enrichment,

22

and related state-law claims, as well as diverse citizenship and amount.

23

3. Venue is proper in this judicial district under 28 U.S.C. §1391(c) (West 2008).

24

Counterdefendants are subject to personal jurisdiction in this judicial district.

25

### PARTIES

26

4. RANDOLPH KEMPS ("Kemps") is an individual and a citizen of the United Kingdom,

27

residing at 36 Ralston Road, Atherton, California 94027, and the owner of trademark registration

28

1    no. 3,227,772 for the mark MYGUIDE.

2        5. ARES DIGITAL, INC. ("Ares"), is a California corporation with its principal place of

3    business at 1817 Houret Court, Milpitas, California 95035.

4        6. MYGUIDE (USA), INC. ("MyGuide USA") is a California corporation, with its

5    principal place of business at 1817 Houret Court, Milpitas, California 95035.

6        7. On information and belief, MYGUIDE HOLDING GMBH ("MG Holding"), formerly

7    known as Martix M&S GmbH, is a Swiss limited liability company with its principal place of

8    business at Poststrasse 6, 6300 Zug, Switzerland.

9        8. On information and belief, MYGUIDEGPS LTD. ("MG Ltd."), is a Hong Kong limited

10   liability company with a registered office and principal place of business in Tsim Sha Tsui,

11   Kowloon, Hong Kong.

12                                **FACTUAL ALLEGATIONS**

13       9. Ares independently marketed, distributed and provided warranty services for the

14   products of Old MyGuide.  Ares and Kemps invested substantial effort and financial resources to

15   develop the North American market for, and supporting, such products, including taking steps to

16   pursue investment funding for the benefit of Old MyGuide. On June 10, 2006, Kemps applied to

17   register the MYGUIDE mark with the United States Patent and Trademark Office, and on April

18   10, 2007 Kemps received Registration No. 3,227,772 for such mark.

19       10. Ares and Kemps had an agreement with Old MyGuide whereby Ares and Kemps would

20   have exclusive rights, through an independent corporation in the United States, to market,

21   distribute and support the products of Old MyGuide in North America, and thereby to develop a

22   North American market for such products in exchange for compensation.  They further agreed

23   that Kemps would ultimately transfer all the assets of the North American distribution and

24   support business, as well as Kemps' trademark registration for MYGUIDE, to Old MyGuide in

25   exchange for a ten percent (10%) interest in Old MyGuide and a senior management position for

26   Kemps in Old MyGuide.  Old MyGuide failed to ever provide Kemps the promised 10% interest

27   and senior management position in Old MyGuide.

28       11. In 2007, an individual claiming to be the official handling an apparent bankruptcy

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-0057 JF                    - 22 -

proceeding involving Old MyGuide in Germany contacted Kemps to inquire whether mark Registration No. 3,227,772 was an asset of Old MyGuide.  Kemps informed the individual that Kemps was, in fact, the registered owner of such trademark registration.  Kemps received no further communications from that individual concerning the matter.

12. Subsequently, New MyGuide informed Kemps and Ares that it was the successor to Old MyGuide and indicated that it intended to continue the relationship and existing agreements with them.  In June 2007, New MyGuide pressed Kemps to provide a "Letter of Intent" indicating his willingness to transfer his trademark registration to New MyGuide.  Based on the assurances of New MyGuide that it would continue to perform as agreed, Kemps provided the requested "Letter of Intent" and outlined therein some of the conditions precedent New MyGuide had promised to perform. Kemps and Ares continued to perform for New MyGuide in a manner consistent with the terms of their agreements.

13. Despite the previous representations and assurances of New MyGuide, New MyGuide failed to timely and properly deliver product to Ares as agreed, resulting in substantial economic losses to Counterclaimants and significant harm to Counterclaimants' business in North America.  Furthermore, New MyGuide refused to fulfill the promises of Old MyGuide and itself to provide Kemps with a ten percent (10%) interest in the worldwide MyGuide business, now represented by New MyGuide, and a senior management position therein for Kemps in exchange for the assets of the North American distribution and support business developed by Kemps and Ares.

14. On information and belief, New MyGuide repeatedly contacted Counterclaimants' customers, communicated spurious and damaging claims to them about Counterclaimants, and attempted to misappropriate Counterclaimants' business and customers for itself.

15. On information and belief, Counterclaimants Kemps, Ares and/or MyGuide USA were the first to use the MYGUIDE mark in commerce in the United States and such use has been continuous.  Furthermore, Counterdefendants, and each of them, have made knowing and intentional use of confusingly-similar MYGUIDE mark(s) in commerce in the United States.

/ / /

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-0057 JF                - 23 -

1

**FIRST CAUSE OF ACTION**

2

*(Trademark Infringement – 15 U.S.C. §1114)*

3      16. Counterclaimants hereby repeat and re-allege each and every allegation contained in

4    paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

5      17. Counterdefendants' acts infringe the trademark rights of Counterclaimants Kemps,

6    Ares and/or MyGuide USA and were committed with the intent to with the intent to cause

7    confusion, mistake and to deceive.

8      18. As a direct and proximate result of Counterdefendants' unlawful actions,

9    Counterclaimants have suffered and will continue to suffer irreparable injury. Counterclaimants

10   are entitled to preliminary and permanent injunctive relief, recovery of actual damages, an award

11   of Counterdefendants' profits, costs, reasonable attorney's fees, and exemplary damages.

12

**SECOND CAUSE OF ACTION**

13

*(Unfair Competition by Infringement of Common-Law Rights)*

14     19. Counterclaimants hereby repeat and re-allege each and every allegation contained in

15   paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

16     20. Said acts of Counterdefendants constitute unfair competition and infringement of

17   Counterclaimants' common-law rights in said mark.

18     21. As a direct and proximate result of Counterdefendants' unlawful actions,

19   Counterclaimants have suffered and will continue to suffer irreparable injury. Counterclaimants

20   are entitled to preliminary and permanent injunctive relief, recovery of actual damages, an award

21   of Counterdefendants' profits, costs, reasonable attorney's fees, and exemplary damages.

22

**THIRD CAUSE OF ACTION**

23

*(Unfair Competition – 15 U.S.C. §1125(a))*

24     22. Counterclaimants hereby repeat and re-allege each and every allegation contained in

25   paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

26     23. The aforesaid acts of Counterdefendants, and each of them, constitute false designation

27   of origin, false description and false representation, all in violation of 15 U.S.C.A. §1125 (West

28   2008).

24. As a direct and proximate result of Counterdefendants' unlawful actions, Counterclaimants have suffered and will continue to suffer irreparable injury. Counterclaimants are entitled to preliminary and permanent injunctive relief, recovery of actual damages, an award of Counterdefendants' profits, costs, reasonable attorney's fees, and exemplary damages.

**FOURTH CAUSE OF ACTION**

*(Trademark Infringement – Cal. Bus. & Prof. Code §14335)*

25. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

26. The aforesaid acts of Counterdefendants, and each of them, constitute trademark infringement in violation of Cal. Bus. & Prof. Code §14335 (West 2008).

27. As a direct and proximate result of Counterdefendants' unlawful actions, Counterclaimants have suffered and will continue to suffer irreparable injury. Counterclaimants are entitled to preliminary and permanent injunctive relief, and recovery of monetary damages.

**FIFTH CAUSE OF ACTION**

*(Unfair Competition – Cal. Bus. & Prof. Code Section §17200, et seq.)*

28. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

29. The aforesaid acts of Counterdefendants, and each of them, constitute unfair competition, all in violation of Cal. Bus. & Prof. Code Section §17200, *et seq.*, (West 2008).

30. As a direct and proximate result of Counterdefendants' unlawful actions, Counterclaimants have suffered and will continue to suffer irreparable injury. Counterclaimants are entitled to preliminary and permanent injunctive relief, and recovery of monetary damages.

**SIXTH CAUSE OF ACTION**

*(Breach of Contract)*

31. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

32. The parties had a number of agreements and understandings, supported by good and valuable consideration. Counterdefendants failed to perform their agreed obligations and

breached those agreements and understandings.

33. As a direct and proximate result of Counterdefendants' unlawful actions, Counterclaimants have suffered and will continue to suffer irreparable injury. Counterclaimants are entitled to recovery of actual, consequential, incidental and other damages.

**SEVENTH CAUSE OF ACTION**

*(Unjust Enrichment)*

34. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

35. By the aforesaid wrongful acts, Counterdefendants, and each of them, have and are attempting to unjustly enrich themselves.

36. As a direct and proximate result of Counterdefendants' unlawful actions, Counterclaimants have suffered and will continue to suffer irreparable injury. Counterclaimants are entitled to an award of monetary relief, costs, and reasonable attorney's fees.

**EIGHTH CAUSE OF ACTION**

*(Tortious Interference with Prospective Economic Relationships)*

37. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

38. By the aforesaid wrongful acts, Counterdefendants, and each of them, knowingly and intentionally interfered with Counterclaimants' economic relationships with their customers.

39. As a direct and proximate result of Counterdefendants' unlawful actions, Counterdefendants, and each of them, have caused and will continue to cause economic harm to Counterclaimants and to their reputation and goodwill.

**NINTH CAUSE OF ACTION**

*(Fraud)*

40. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

41. Counterdefendants, and each of them, knew that their representations were false when they made them, and they did not intend to follow through on their promises.  Counterdefendants

made such representations with the intent that Counterclaimants rely upon them. Counterclaimants relied on said representations to their detriment and suffered damages as a result.

## TENTH CAUSE OF ACTION

*(Misrepresentation)*

42. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

43. By the aforesaid wrongful acts, Counterdefendants, and each of them, are liable for misrepresentation for failing to honor their commitments as alleged above.

## ELEVENTH CAUSE OF ACTION

*(Fraudulent Inducement)*

44. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

45. By the aforesaid wrongful acts, Counterdefendants, and each of them, misrepresented or materially omitted facts that were false and known to be false to Counterclaimants for the purpose of inducing them to rely.

46. Counterclaimants justifiably relied upon Counterdefendants' misrepresentations and were injured as a result.

## TWELFTH CAUSE OF ACTION

*(Conspiracy)*

47. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

48. By the aforesaid wrongful acts, Counterdefendants, and each of them, conspired with one another to commit the wrongful acts alleged above.

49. As a direct and proximate result of Counterdefendants' unlawful actions, Counterdefendants, and each of them, are jointly and severally liable for payment of the damages prayed for herein.

/ / /

## THIRTEENTH CAUSE OF ACTION

*(Punitive or Exemplary Damages)*

50. Counterclaimants hereby repeat and re-allege each and every allegation contained in paragraphs 1 through the immediately preceding paragraph of this Counterclaim.

51. The aforesaid wrongful acts of Counterdefendants, were willful, wanton and malicious, and were undertaken with the intent to injure Counterclaimants, and, further, with a knowing and intentional disregard for Counterclaimants' rights.

52. By reason of the foregoing acts, and by way of example, Counterclaimants are entitled to punitive or exemplary damages in an amount according to proof.

## RELIEF

WHEREFORE, Counterclaimants demand:

1. That Counterdefendants, and each of them, their agents and servants be enjoined during the pendency of this action and permanently from infringing Kemps' registered mark, using any confusingly-similar mark likely to cause confusion, mistake, deception or misunderstanding with regard to Counterclaimants goods or services;

2. That Counterdefendants, and each of them, their agents and servants be compelled to pay jointly and severally all actual, consequential, incidental, statutory, punitive, exemplary, and other damages caused by or awardable due to the wrongful acts above, as well as pre-judgment interest, in an amount according to proof, but not less than $6 million plus punitive or exemplary damages and interest;

3. That Counterdefendants, and each of them, be required to pay Counterclaimants' reasonable attorney's fees and costs of this action.

4. That Counterclaimants receive such other and further relief as this Court deems just and proper.

Dated: February 25, 2008

_____
David P. Morales,
Attorney for Defendants

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**

1

## <u>**JURY TRIAL DEMAND**</u>

2          Defendants and Counterclaimants hereby demand a jury trial as provided by Rule 38(a)

3    of the Federal Rules of Court.

4    Dated: February 25, 2008

5

6                                              _____
                                               David P. Morales,
7                                              Attorney for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **Case Name: MyGuide Holding GMBH et al. v. Kemps, et al.**          **Case No. CV 08-0057 JF**

2

3                              **CERTIFICATE OF SERVICE**

4          I, David P. Morales, certify and declare as follows:

5          I am over the age of eighteen years, a member of the Bar of this Court, and not a

6  party to this action.  My principal office is located in the County of Santa Cruz, where

7  this service occurs.  My business address is 1414 Soquel Avenue, Suite 212, Santa Cruz,

8  California 95062.  On the date set forth below, I served a true copy of:

9  **ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**

10         on Plaintiffs and Counterdefendants by placing said document(s) into first-class

11  postage pre-paid envelope(s), deposited into the U.S. Mail and addressed to the

12  following:

13  D. Peter Harvey, Esq., Seth Appel, Esq., Harvey Siskind LLP, 4 Embarcadero Center,

14  39th Floor, San Francisco, CA  94111; Lisa Pearson, Esq., Kilpatrick Stockton LLP, 31

15  West 52nd Street, 14th Floor, New York, NY  10019; W. Mark Conger, Esq., Jocelyn

16  Burton, Esq., Kilpatrick Stockton LLP, 1001 West Fourth Street, Winston-Salem, NC

17  27101.

18         I certify and declare under penalty of perjury under the laws of the State of

19  California that the foregoing is true and correct.

20  Executed on February 25, 2008 at Santa Cruz, California.

21

22

23                                    _____
                                      David P. Morales

24

25

26

27

28

**ANSWER TO COMPLAINT AND COUNTERCLAIM FOR DAMAGES**
Case No.: CV 08-0057 JF                    - 30 -