HARVEY SISKIND LLP
D. PETER HARVEY, ESQ. (SBN 55712)
pharvey@hareysiskind.com
SETH I. APPEL, ESQ. (SBN 233421)
sappel@harveysiskind.com
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

KILPATRICK STOCKTON LLP
LISA PEARSON, ESQ. (admitted *pro hac vice*)
lpearson@kilpatrickstockton.com
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

KILPATRICK STOCKTON LLP
W. MARK CONGER, ESQ. (admitted *pro hac vice*)
mconger@kilpatrickstockton.com
JOCELYN BURTON, ESQ. (SBN 135879)
jburton@kilpatrickstockton.com
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

Attorneys for Plaintiffs,
MYGUIDE HOLDING GMBH
and MYGUIDEGPS LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MYGUIDE HOLDING GMBH and MYGUIDEGPS LTD., <br><br>Plaintiffs, <br><br>v. <br><br>RANDOLPH KEMPS, an individual, ARES DIGITAL, INC., and MYGUIDE (USA) INC. <br><br>Defendants. | Case No. C 08-0057 JF <br><br>**REPLY TO COUNTERCLAIMS** |

- 1 -

Plaintiffs MyGuide Holding GmbH and MyGuideGPS Ltd. (hereinafter collectively "Plaintiffs" or "New MyGuide") state the following for their Reply to the Counterclaims of Defendants Randolph Kemps ("Kemps"), Ares Digital, Inc. ("Ares"), and MyGuide (USA) Inc. ("MyGuide USA") (Kemps, MyGuide USA, and Ares hereinafter collectively "Defendants"):

## REPLY TO COUNTERCLAIMS

1. Plaintiffs admit that Defendants have brought a countersuit alleging claims for equitable relief and damages against Plaintiffs; admit that New MyGuide is the successor-in-interest to Martix M&S GmbH ("Martix"), Anubis Electronic GmbH ("Anubis") and MyGuide (Hong Kong) Ltd. ("MyGuide Ltd."). Anubis and MyGuide Ltd. are collectively referred to herein as "Old MyGuide". Plaintiffs admit that Mr. Dominique Bonk ("Bonk") and Mr. Michael Funke ("Funke") were the shareholders and directors of Anubis and Belonia AG, the parent company of MyGuide Ltd.; deny that Martix, Anubis, MyGuide Ltd., Bonk, or Funke have any ownership or other interest in New MyGuide. Except as expressly admitted, the allegations contained in Paragraph 1 of Defendants' counterclaim are denied.

## JURISDICTION AND VENUE

2. The allegations contained in Paragraph 2 of Defendants' Counterclaim are admitted.

3. The allegations contained in Paragraph 3 of Defendants' Counterclaim are admitted.

## PARTIES

4. Plaintiffs admit, upon information and belief, that Defendant Kemps is an individual and a citizen of the United Kingdom, residing at 36 Ralston Road, Atherton, California 94027 and that that Defendant Kemps is the current registrant of U.S. Reg. No. 3,227,772 for the MYGUIDE logo (the "MYGUIDE Registration"); deny that Defendant Kemps is the rightful owner of the United States trademark or of the trade name rights in the mark and trade name MYGUIDE, including U.S. Trademark Reg. No. 3,227,772 (collectively, the "MYGUIDE Marks"). Plaintiffs aver that Defendant Kemps obtained the MYGUIDE

1  Registration on behalf of Plaintiffs' predecessors pursuant to an understanding and agreement
2  that he would transfer the registration to Plaintiffs' predecessors once it issued with no
3  conditions. Plaintiffs further aver that on November 16, 2007, Defendant Kemps unlawfully
4  purported to grant a security interest in U.S. Reg. No. 3,227,772 to Binatone Electronics
5  International Ltd., one of New MyGuide's direct competitors. Except as expressly admitted,
6  the allegations contained in Paragraph 4 of Defendants' counterclaim are denied.

7      5. Plaintiffs admit, upon information and belief, that Defendant Ares is a
8  California corporation with its principal place of business at 1817 Houret Court, Milpitas,
9  California 95035.

10     6. Plaintiffs admit, upon information and belief, that Defendant MyGuide USA is
11 a California corporation with its principal place of business at 1817 Houret Court, Milipitas,
12 California 95035.

13     7. Plaintiffs admit that MyGuide Holding GmbH ("MG Holding") was formerly
14 known as Martix M&S GmbH and that it is a Swiss limited liability company with a principal
15 place of business located at Poststrasse 6, 6300 Zug, Switzerland.

16     8. Plaintiffs admit that Plaintiff MyGuideGPS Ltd. ("MG Ltd.") is a Hong Kong
17 limited liability company with a registered office and principal place of business in Tsim Sha
18 Tsui, Kowloon, Hong Kong.

19 **FACTUAL ALLEGATIONS**

20     9. Plaintiffs aver that Ares was a non-exclusive distributor of Old MyGuide
21 products, and deny that Ares operated independently of Old MyGuide. Plaintiffs are without
22 sufficient knowledge or information to form a belief as to the truth or falsity of Defendants'
23 allegation that Ares and Kemps invested substantial effort and financial resources to develop
24 the North American market for, and supporting, the products of Old MyGuide and took steps to
25 pursue investment funding for the benefit of Old MyGuide. Plaintiffs admit that on June 10,
26 2006, Defendant Kemps filed an application to register the MYGUIDE logo in International
27 Class 9 with the U.S. Patent and Trademark Office and that Defendant Kemps secured U.S.
28

1  Reg. No. 3,227,772 for the MYGUIDE logo on April 10, 2007.  Except as expressly admitted, the allegations contained in Paragraph 9 of Defendants' counterclaim are denied.

10.  Plaintiffs admit that Defendant Kemps and Old MyGuide agreed that once the MYGUIDE Registration was obtained, Kemps would transfer the MYGUIDE Registration to Old MyGuide or its designee.  Except as expressly admitted, the allegations contained in Paragraph 10 of Defendants' counterclaim are denied.

11.  Plaintiffs are without sufficient knowledge or information to form a belief as to the truth or falsity of, and accordingly deny, the allegations contained in Paragraph 11 of Defendants' counterclaim.

12.  Plaintiffs admit that in June 2007, New MyGuide, as the successor-in-interest to Old MyGuide, engaged in discussions with Defendant Kemps regarding the sale and distribution of MyGuide Products in the U.S. and the transfer of the MYGUIDE Registration to New MyGuide.  Plaintiffs deny that those discussions included any undertaking by New MyGuide to honor the purported agreement alleged in Paragraph 10 of Defendants counterclaims.  As more fully explained in Paragraphs 32 through 34 of the Complaint, Plaintiffs aver that during the June 2007 discussions Defendant Kemps began adding conditions to the transfer of the MYGUIDE Registration, which conditions were included in a letter of intent ("Letter of Intent") sent by Kemps to New MyGuide on June 13, 2007.  Except as expressly admitted, the allegations contained in Paragraph 12 of Defendants' counterclaim are denied.

13.  Plaintiffs deny the allegations contained in Paragraph 13 of Defendants' counterclaim.

14.  Plaintiffs deny the allegations contained in Paragraph 14 of Defendants' counterclaim.

15.  Plaintiffs deny the allegations contained in Paragraph 15 of Defendants' counterclaim.

**FIRST CAUSE OF ACTION**

*(Trademark Infringement – 15 U.S.C. § 1114)*

16. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 15 above as if fully set forth herein.

17. Plaintiffs deny the allegations contained in Paragraph 17 of Defendants' counterclaim.

18. Plaintiffs deny the allegations contained in Paragraph 18 of Defendants' counterclaim.

**SECOND CAUSE OF ACTION**

*(Unfair Competition by Infringement of Common-Law Rights)*

19. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 18 above as if fully set forth herein.

20. Plaintiffs deny the allegations contained in Paragraph 20 of Defendants' counterclaim.

21. Plaintiffs deny the allegations contained in Paragraph 21 of Defendants' counterclaim.

**THIRD CAUSE OF ACTION**

*(Unfair Competition - 15 U.S.C. §1125(a))*

22. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 21 above as if fully set forth herein.

23. Plaintiffs deny the allegations contained in Paragraph 23 of Defendants' counterclaim.

24. Plaintiffs deny the allegations contained in Paragraph 24 of Defendants' counterclaim.

**FOURTH CAUSE OF ACTION**

*(Trademark Infringement – Cal. Bus. & Prof. Code §14335)*

25. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 24 above as if fully set forth herein.

1  26. Plaintiffs deny the allegations contained in Paragraph 26 of Defendants'
2  counterclaim.

3  27. Plaintiffs deny the allegations contained in Paragraph 27 of Defendants'
4  counterclaim.

## FIFTH CAUSE OF ACTION

*(Unfair Competition – Cal. Bus. & Prof. Code Section §17200, et seq.)*

28. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 27 above as if fully set forth herein.

29. Plaintiffs deny the allegations contained in Paragraph 29 of Defendants' counterclaim.

30. Plaintiffs deny the allegations contained in Paragraph 30 of Defendants' counterclaim.

## SIXTH CAUSE OF ACTION

*(Breach of Contract)*

31. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 30 above as if fully set forth herein.

32. Plaintiffs deny the allegations contained in Paragraph 32 of Defendants' counterclaim.

33. Plaintiffs deny the allegations contained in Paragraph 33 of Defendants' counterclaim.

## SEVENTH CAUSE OF ACTION

*(Unjust Enrichment)*

34. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiffs deny the allegations contained in Paragraph 35 of Defendants' counterclaim.

36. Plaintiffs deny the allegations contained in Paragraph 36 of Defendants' counterclaim.

## EIGHTH CAUSE OF ACTION

*(Tortious Interference with Prospective Economic Relationships)*

37. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. Plaintiffs deny the allegations contained in Paragraph 38 of Defendants' counterclaim.

39. Plaintiffs deny the allegations contained in Paragraph 39 of Defendants' counterclaim.

## NINTH CAUSE OF ACTION

*(Fraud)*

40. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiffs deny the allegations contained in Paragraph 41 of Defendants' counterclaim.

## TENTH CAUSE OF ACTION

*(Misrepresentation)*

42. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 41 above as if fully set forth herein.

43. Plaintiffs deny the allegations contained in Paragraph 43 of Defendants' counterclaim.

## ELEVENTH CAUSE OF ACTION

*(Fraudulent Inducement)*

44. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 43 above as if fully set forth herein.

45. Plaintiffs deny the allegations contained in Paragraph 45 of Defendants' counterclaim.

46. Plaintiffs deny the allegations contained in Paragraph 46 of Defendants' counterclaim.

## TWELFTH CAUSE OF ACTION

*(Conspiracy)*

47. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 46 above as if fully set forth herein.

48. Plaintiffs deny the allegations contained in Paragraph 48 of Defendants' counterclaim.

49. Plaintiffs deny the allegations contained in Paragraph 49 of Defendants' counterclaim.

## THIRTEENTH CAUSE OF ACTION

*(Punitive or Exemplary Damages)*

50. Plaintiffs hereby incorporate the allegations and averments contained in Paragraphs 1 through 49 above as if fully set forth herein.

51. Plaintiffs deny the allegations contained in Paragraph 51 of Defendants' counterclaim.

52. Plaintiffs deny the allegations contained in Paragraph 52 of Defendants' counterclaim.

## FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

53. The counterclaims fail to state a claim against the Plaintiffs upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

*(Failure to Allege Fraud with Particularity)*

54. Defendants have failed to plead with particularity the circumstances constituting their claims of fraud—specifically set out in the Defendants' Answer and Counterclaims as Counterclaims Nine through Eleven—as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

*(Discharge in Bankruptcy)*

55. Defendants' Counterclaims, in whole or in part, were discharged in bankruptcy and are therefore barred.

## FOURTH AFFIRMATIVE DEFENSE

*(Estoppel and Waiver)*

56. Defendants' counterclaims are barred, in whole or in part, by the doctrines of estoppel and waiver.

## FIFTH AFFIRMATIVE DEFENSE

*(Accord and Satisfaction)*

57. Defendants' counterclaims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

*(Statute of Frauds)*

58. Defendants' counterclaims are barred, in whole or in part, by the Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

59. Defendants' counterclaims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

*(Lack of Standing)*

60. Defendants lack standing to assert counterclaims for trademark infringement and unfair competition because they are not true owners of the MYGUIDE Marks but merely non-exclusive U.S. distributors.

## NINTH AFFIRMATIVE DEFENSE

*(Fraud)*

61. Defendants' counterclaims are barred because Defendant Kemps acquired his position as record owner on the MYGUIDE Registration by engaging in fraudulent and

1  deceptive acts. Defendant Kemps induced Old MyGuide to rely on his affirmative
2  representation that he would obtain the MYGUIDE Registration and transfer the MYGUIDE
3  Registration once issued.

### TENTH AFFIRMATIVE DEFENSE

*(Failure to Mitigate)*

62.    Defendants' counterclaims are barred because Defendants failed to mitigate their damages.

### ELEVENTH AFFIRMATIVE DEFENSE

*(Consent/Acquiescence)*

63.    Defendants' counterclaims are barred by the doctrines of consent and acquiescence.

### TWELFTH AFFIRMATIVE DEFENSE

*(Conspiracy)*

64.    Defendants' counterclaims are barred because Defendants have conspired with non-parties to interfere with New MyGuide's business dealings and to exclude New MyGuide from exercising its right to the full use and enjoyment of the MYGUIDE Marks and continue to do so.

### THIRTEENTH AFFIRMATIVE DEFENSE

*(Other Affirmative Defenses)*

65.    Plaintiffs intend to rely upon all other applicable defenses as may become apparent during discovery in this action and reserve the right to amend their Reply to Counterclaims accordingly.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1.    that the Court enter judgment in favor of Plaintiffs and against Defendants on all of Defendants' counterclaims and dismissing all of Defendants' counterclaims with prejudice;

1   2. that the Court enter judgment allowing recovery from Defendants by Plaintiffs of the costs and expenses incurred in defending against Defendants' counterclaims, including attorneys fees pursuant to applicable law; and

3. that the Court grant Plaintiffs such other and further relief as may be just and proper.

DATED: March 19, 2008            Respectfully submitted,

HARVEY SISKIND LLP

/s/
Seth I. Appel
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

KILPATRICK STOCKTON LLP
Lisa Pearson, Esq. (admitted *pro hac vice*)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

KILPATRICK STOCKTON LLP
W. Mark Conger, Esq. (admitted *pro hac vice*)
Jocelyn Burton, Esq. (SBN 135879)
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

Attorneys for Plaintiffs,
MYGUIDE HOLDING GMBH
and MYGUIDEGPS LTD.