David P. Morales, Esq., SBN 191229
THE MORALES LAW FIRM
1414 Soquel Avenue, Suite 212
Santa Cruz, CA  95062
Telephone: (831) 429-7900
E-Mail: dmorales@moraleslawfirm.com

Attorney for Defendants and Counterclaimants
Randolph Kemps, Ares Digital, Inc.,
and MyGuide (USA), Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYGUIDE HOLDING GMBH; and MYGUIDEGPS LTD., | Civil Action No.: CV 08-0057 JF |
| Plaintiffs, | **COUNTERCLAIMANTS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| RANDOLPH KEMPS, an individual; ARES DIGITAL, INC.; and MYGUIDE (USA), INC., | |
| Defendants. | |
| RANDOLPH KEMPS, an individual; ARES DIGITAL, INC.; and MYGUIDE (USA), INC., | |
| Counterclaimants, | |
| vs. | |
| MYGUIDE HOLDING GMBH; and MYGUIDEGPS LTD., | |
| Counterdefendants. | |

/ / /

**COUNTERCLAIMANTS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**

Counterclaimants Randolph Kemps, Ares Digital, Inc., and MyGuide (USA), Inc., hereby submit this Separate Case Management Conference Statement.

**1.    Jurisdiction and Service**

Counterclaimants believe that this Court has subject matter jurisdiction over Plaintiffs' claims and Defendants' counterclaims under 15 U.S.C. §§ 1121 and 1051, *et seq.*, and under 28 U.S.C. §§ 1331, 1332, 1338, and 1367.  They further believe that there are no existing issues regarding personal jurisdiction or venue.  At this time, there are no named parties that remain to be served.

**2.    Facts**

This matter involves a dispute between foreign and domestic parties regarding their respective business obligations to one another, and resulting business and trademark claims.  Counterclaimants Ares Digital, Inc., and MyGuide (USA), Inc., formerly distributed and serviced in North America GPS devices produced by Plaintiffs' predecessors-in-interest, Anubis Electronic GmbH ("Anubis") and MyGuide (Hong Kong) Ltd. ("MyGuide (HK)").  On information and belief, in 2007, Plaintiffs purchased the assets of Anubis and MyGuide (HK) in a German bankruptcy proceeding.  Counterclaimants continued to distribute and service such products of Plaintiffs after the bankruptcy.  Counterclaimant Randolph Kemps ("Kemps") is the owner of record for United States Trademark Registration No. 3,227,772 for the MyGuide logo (the "MYGUIDE Registration").

Counterclaimants contend that they are entitled to promised compensation in exchange for a transfer of certain of Counterclaimants' independent, North American distribution and service business assets to Plaintiffs, including the MYGUIDE Registration.  Plaintiffs dispute that any compensation is due to Counterclaimants, and they further contend that they are the rightful owners of the MYGUIDE Registration.  The parties' additional claims relate to damages they allegedly suffered during and following their business relationship.  Plaintiffs deny Counterclaimants' allegations, and Counterclaimants deny Plaintiffs' allegations.

Although Counterclaimants believe additional factual issues exist in this case, the principal factual issues in dispute are:

- What was the nature and extent of the MYGUIDE trademark rights formerly held by Anubis and MyGuide (HK) prior to the German bankruptcy?

- Whether Plaintiffs properly acquired the MYGUIDE trademark rights formerly held by Anubis and MyGuide (HK) during the German bankruptcy.

- What was the nature and extent of the MYGUIDE trademark rights held by Plaintiffs following the German bankruptcy?

- Whether Plaintiffs, or their predecessors-in-interest, used the MYGUIDE mark in commerce in the United States prior to Counterclaimants' use of the MYGUIDE mark in commerce in the United States.

- Whether Plaintiffs have at all times exercised control over the nature and quality of the goods on which MYGUIDE marks appear.

- Whether Defendant Kemps agreed to register the MYGUIDE mark in the United States on behalf of and for the benefit of Plaintiffs and, once registered, to transfer the MYGUIDE Registration to Plaintiffs or their designee without receiving the agreed consideration.

- Whether Plaintiffs failed to provide Counterclaimant Kemps with the allegedly promised shares and senior management position in exchange for a transfer of certain of Counterclaimants' independent, North American distribution and service business assets to Plaintiffs, including the MYGUIDE Registration.

- Whether Counterclaimants have, or had, the authority to use the MYGUIDE mark in commerce in North America, and for what period of time.

- Whether Plaintiffs have, or had, the authority to use the MYGUIDE mark in commerce in North America, and for what period of time.

- Whether Counterclaimants owed Plaintiffs any monies relative to Invoice Nos. 20070921-US and PF2007525.

**COUNTERCLAIMANTS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**
Case No.: CV 08-0057 JF              - 3 -

- Whether Plaintiffs failed to timely supply and properly deliver goods to fill orders placed, resulting in substantial damages and business losses to Counterclaimants, including, without limitation, the goods billed on Invoice No. PF2007525.

- Whether Plaintiffs already received full payment on Invoice No. 20070921-US from the buyer, World Source / INTP.

- Whether Counterclaimants disrupted Plaintiffs' prospective economic relationships with potential customers, such as Belk.

- Whether Plaintiffs intentionally interfered with Counterclaimants' existing relationships with their customers, such as Belk.

3. **Legal Issues**

Although Counterclaimants believe additional legal issues exist in this case, the principal legal issues in dispute are:

- Whether Plaintiffs are the rightful owners of the MYGUIDE trademark rights formerly held by Anubis and MyGuide (HK) following the German bankruptcy.

- What MYGUIDE trademark rights do Plaintiffs currently hold in North America?

- Which party is the rightful owner of the United States MYGUIDE Registration?

- Whether Counterclaimants are liable for federal and/or state trademark infringement.

- Whether Plaintiffs are liable for federal and/or state trademark infringement.

- Whether Counterclaimants are liable for federal and/or state unfair competition.

- Whether Plaintiffs are liable for federal and/or state unfair competition.

- Whether Counterclaimants breached their contractual obligations to Plaintiffs regarding the transfer of the MYGUIDE Registration.

- Whether Plaintiffs breached their contractual obligations to Counterclaimants regarding the compensated transfer of certain of Counterclaimants' independent, North American distribution and service assets, including the MYGUIDE Registration.

- Whether Counterclaimants should be estopped from asserting that they are not obligated to assign the MYGUIDE Registration to Plaintiffs without compensation.

- Whether Counterclaimants are entitled to any compensation in exchange for a transfer of certain of their independent, North American distribution and service business assets to Plaintiffs, including, for example, Counterclaimants' U.S. customers and the MYGUIDE Registration.

- Whether Plaintiffs seek to unjustly enrich themselves.

- Whether Counterclaimants breached any duty to negotiate in good faith.

- Whether Counterclaimants have any unmet contractual obligations to Plaintiffs regarding Invoice Nos. 20070921-US and PF2007525.

- Whether Plaintiffs breached their contractual obligations to Counterclaimants regarding the timely supply and proper delivery of product to fill orders placed.

- Whether Counterclaimants interfered with Plaintiffs' prospective economic relationships with potential customers in the United States, such as Belk.

- Whether Plaintiffs interfered with Counterclaimants' existing economic relationships with their customers in the United States, such as Belk.

- Whether Counterclaimants are liable for fraud.

- Whether Plaintiffs are liable for fraud.

- Whether Plaintiffs are liable for misrepresentation.

- Whether Plaintiffs are liable for fraudulent inducement.

- Whether Plaintiffs are liable for conspiracy.

- Whether Plaintiffs are entitled to the relief sought in their Complaint.

- Whether Counterclaimants are entitled to the relief sought in their Counterclaim.

**4.    Motions**

Counterclaimants anticipate filing the following motions:

a.    Counterclaimant's Motion for Summary Judgment and/or Summary Adjudication;

b.    Counterclaimant's Motion for Attorney's Fees and costs.

1

**5.    Amendment of Pleadings**

2

Counterclaimants believe that this is a relatively complex action. This action involves

3

not only foreign Plaintiffs from Germany and Switzerland and American Counterclaimants, but

4

this matter also depends on various factual and legal issues relating to a German bankruptcy

5

proceeding in 2007 involving the Plaintiffs' predecessors-in-interest, the German company,

6

Anubis, and the Hong Kong company, MyGuide (HK). In addition, this case will need to

7

examine substantial issues related to the trademark rights of the parties and their predecessors-

8

in-interest in the United States and abroad, both before and after the 2007 German bankruptcy.

9

Counterclaimants believe that the witnesses, documents and information relevant to these and

10

the other issues in this case are located in various parts of Europe, Asia and the United States.

11

Thus, the investigation and discovery process in this matter is likely to require substantial

12

additional time.

13

Accordingly, Counterclaimants respectfully request that ample time be allowed to pursue

14

discovery regarding the many, complex issues involved in this case and that the deadline for

15

adding new parties, claims, or counterclaims be set at a time in the discovery process that will

16

allow an opportunity to fully investigate the need for such amendment(s), namely November

17

30, 2008.

18

**6.    Evidence Preservation**

19

The parties have discussed the preservation of evidence and appear to agree that they will

20

not delete any potentially relevant e-mails or destroy any potentially relevant documents,

21

electronic or otherwise, or any other potentially relevant electronically-recorded material, until

22

this dispute is resolved, except as agreed to by the parties

23

**7.    Disclosures**

24

The parties have not exchanged initial disclosures. The parties appear to agree that they

25

will exchange initial disclosures on or before May 9, 2008

26

27    / / /

28    / / /

**COUNTERCLAIMANTS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**
Case No.: CV 08-0057 JF          - 6 -

**8.    Discovery**

The parties have discussed discovery of electronically stored information (ESI) and appear to intend to enter into an agreement with respect to ESI which will include how and in what form such ESI will be exchanged.

Counterclaimants respectfully propose the following limitations on discovery:

        a.    unlimited depositions per party;

        b.    unlimited non-party deposition subpoenas;

        c    unlimited document requests per party;

        d.    200 interrogatories per party;

        e.    unlimited requests for admissions per party.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.    Relief**

Counterclaimants seek a judgment denying Plaintiffs' prayers for relief and enjoining Plaintiffs from infringing Counterclaimants' MYGUIDE trademark rights. Counterclaimants believe they are entitled to a joint and several award of damages for all actual, consequential, incidental, statutory, punitive, exemplary, and other damages caused by or awardable due to Plaintiffs' wrongful conduct, as well as pre-judgment interest, attorney's fees and costs pursuant to 15 U.S.C. § 1117(a).

Counterclaimants believe that they will be in a better position to give precise estimates regarding their damages as discovery progresses.

**12.    Settlement and ADR**

The parties have complied with ADR L.R. 3-5 and have agreed to participate in a court-ordered mediation. Pursuant to the Court's ADR Order, the parties will do so within 90 days of entry of the Case Management Order.

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to the assignment of this matter to a Magistrate Judge for all purposes.

**14.    Other References**

Counterclaimants believe that this case is may be suitable for reference to binding arbitration or a special master, depending on the results of their investigation and discovery.

**15.    Narrowing of the Issues**

Counterclaimants are open to narrowing certain issues via stipulated facts as the factual and legal issues are clarified during the course of discovery.  At this time Counterclaimants do not foresee bifurcating any issues, claims, or defenses.

**16.    Expedited Schedule**

Given the relative complexity of this case, Counterclaimants do not believe that this case can be appropriately handled on an expedited basis.  This action involves not only foreign Plaintiffs from Germany and Switzerland and American Counterclaimants, but this matter also depends on various factual and legal issues relating to a German bankruptcy proceeding in 2007 involving the Plaintiffs' predecessors-in-interest, the German company, Anubis, and the Hong Kong company, MyGuide (HK).  In addition, this case will need to examine substantial issues related to the trademark rights of the parties and their predecessors-in-interest in the United States and abroad, both before and after the 2007 German bankruptcy.  Counterclaimants believe that the witnesses, documents and information relevant to these and the other issues in this case are located in various parts of Europe, Asia and the United States.  Thus, the investigation and discovery process in this matter is likely to require substantial additional time.

**17.    Scheduling**

Counterclaimants contend that the complexity of this case requires that ample time be provided in order to fully prepare this matter for trial on the merits.  This action involves not only foreign Plaintiffs from Germany and Switzerland and American Counterclaimants, but this matter also depends on various factual and legal issues relating to a German bankruptcy

proceeding in 2007 involving the Plaintiffs' predecessors-in-interest, the German company, Anubis, and the Hong Kong company, MyGuide (HK). In addition, this case will need to examine substantial issues related to the trademark rights of the parties and their predecessors-in-interest in the United States and abroad, both before and after the 2007 German bankruptcy. Substantial discovery and analysis must also be conducted relative to the various agreements and communications between the parties, as well as those involving the parties and Anubis and MyGuide (HK). Finally, substantial investigation and analysis must take place regarding the actions of the parties during and after their business relationship, and regarding the alleged resulting damages. The witnesses, documents and information relevant to these and the other issues in this case appear to be located in various sites in Europe, Asia and the United States.

Counterclaimants believe that the witnesses, documents and information relevant to these and the other issues in this case are located in various parts of Europe, Asia and the United States, which will likely result substantial delay in the completion of depositions and discovery and necessitate additional time in the overall litigation schedule.

Accordingly, Counterclaimants respectfully submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

a.    Amend Complaint, Counterclaim and add parties by November 30, 2008;

b.    Written discovery to be completed by March 31, 2009;

c.    Depositions and third-party discovery to be completed by March 31, 2009;

d.    Expert Disclosure to be made by each party by April 30, 2009;

e.    Discovery motions to be heard by April 30, 2009;

f.    Expert Discovery to be completed by June 30, 2009;

g.    Dispositive Motions to be heard by June 30, 2009;

g.    Hearing on Pretrial Motions to be completed by July 31, 2009;

i.    Submission of final Joint Final Pretrial Conference Statement and coordinated submission of trial exhibits by August 31, 2009;

**COUNTERCLAIMANTS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**
Case No.: CV 08-0057 JF          - 9 -

j.      Serving and filing briefs on all significant disputed issues of law, including procedural and evidentiary issues and motions in limine fifteen (15) days after Court's Order adopting Final Pretrial Conference Statement and submissions;

k.      Objections to receipt into evidence of any proposed testimony or exhibit must be submitted within ten (10) days after the Court's Order adopting Final Pretrial Conference Statement and submissions;

l.      Final pretrial conference and any necessary Court hearing to consider unresolved objections to proposed testimony or exhibits and motions in limine as dictated by the Court; and;

m.      Trial, which is expected to take approximately seven (7) court days, including jury selection, in September 2009.

**18.    Trial**

Counterclaimants expect the trial in this matter to last approximately seven days, and have requested a trial by jury.

DATED: April 25, 2008

David P. Morales, Esq., SBN 191229
THE MORALES LAW FIRM
1414 Soquel Avenue, Suite 212
Santa Cruz, CA 95062
Telephone: (831) 429-7900
E-Mail: dmorales@moraleslawfirm.com

Attorney for Defendants and Counterclaimants
Randolph Kemps, Ares Digital, Inc.,
and MyGuide (USA), Inc.

**COUNTERCLAIMANTS' SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**
Case No.: CV 08-0057 JF                    - 10 -