1  D. PETER HARVEY, ESQ. (SBN 55712)
   SETH I. APPEL, ESQ. (SBN 233421)
2  HARVEY SISKIND LLP
   4 Embarcadero Center, 39th Floor
3  San Francisco, CA 94111
   Telephone: (415) 354-0100
4  Facsimile: (415) 391-7124

5  and

6  LISA PEARSON, ESQ. (admitted *pro hac vice*)
   KILPATRICK STOCKTON LLP
7  31 West 52nd Street, 14th Floor
   New York, NY 10019
8  Telephone: (212) 775-8700
   Facsimile: (212) 775-8800
9
   W. MARK CONGER, ESQ. (admitted *pro hac vice*)
10 KILPATRICK STOCKTON LLP
   1001 West Fourth Street
11 Winston-Salem, NC 27101
   Telephone: (336) 607-7300
12 Facsimile: (336) 607-7500

13 Attorneys for Plaintiffs,
   MYGUIDE HOLDING GMBH
14 and MYGUIDEGPS LTD.

15

16
                    IN THE UNITED STATES DISTRICT COURT
17
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
18
                              SAN JOSE DIVISION
19
   MYGUIDE HOLDING GMBH                )
20 and MYGUIDEGPS LTD.,                )
                                       )
21            Plaintiffs,              )
                                       )
22 v.                                  )   Case No. CV 08-0057 JF
                                       )
23 RANDOLPH KEMPS, an individual,      )   **PLAINTIFFS' CASE**
   ARES DIGITAL, INC., and MYGUIDE     )   **MANAGEMENT STATEMENT**
24 (USA) INC.                          )
                                       )
25            Defendants.              )
   _____)
26

27

28 RANDOLPH KEMPS, an individual,      )

---

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**
CASE NO: CV 08-0057 JF

| | | |
|---|---|---|
| 1 | ARES DIGITAL, INC., and MYGUIDE (USA) INC. | ) ) |
| 2 | | ) |
| | Counterclaimants, | ) |
| 3 | | ) |
| | v. | ) |
| 4 | | ) |
| | MYGUIDE HOLDING GMBH | ) |
| 5 | and MYGUIDEGPS LTD., | ) |
| | | ) |
| 6 | Counterdefendants. | ) |
| | | ) |

Plaintiffs hereby submit the following Case Management Statement.

**1. Jurisdiction and Service**

This Court has subject matter jurisdiction over Plaintiffs' claims and Defendants' counterclaims under 15 U.S.C. §§ 1121 and 1051, *et seq.*, and under 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The parties have agreed that there are no existing issues regarding personal jurisdiction or venue. At this time, there are no named parties that remain to be served.

**2. Facts**

This matter involves a dispute over the ownership of the United States trademark and trade name rights in the mark and trade name MYGUIDE, including U.S. Trademark Reg. No. 3,227,772 (collectively, the "MYGUIDE Marks") and alleged claims for damages incurred by the parties during the course of and following the business relationship between the parties. Plaintiffs are in the business of selling portable navigational devices under the MYGUIDE Marks (the "MyGuide Products") throughout the world and maintain office locations in Europe, Asia and Russia. Defendants are former non-exclusive U.S. distributors of MyGuide Products. Defendant Randolph Kemps ("Kemps") is the current owner of record of a U.S. trademark registration for 4/17/2008 the MyGuide logo, U.S. Reg No. 3,227,772 (the "MYGUIDE Registration"). "Plaintiffs" as used herein shall refer to the named plaintiffs and their predecessors-in-interest.

Plaintiffs contend that the following factual issues are in dispute:

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**
CASE NO: CV 08-0057 JF                          - 2 -

- Whether Defendant Kemps agreed to register the MYGUIDE Marks on behalf of and for the benefit of Plaintiffs and, once registered, to transfer the MYGUIDE Registration to Plaintiffs or their designee.
- Whether Plaintiffs have at all times exercised control over the nature and quality of the goods on which the MYGUIDE Marks appear.
- Whether Defendants have failed to make payment on Invoice Nos. 20070921-US and PF2007525.
- Whether Defendants interfered with Plaintiffs' economic relationships with third parties in the United States.
- Whether and for what periods Defendants were authorized to use the MYGUIDE Marks in commerce.
- Whether Defendants made certain false or misleading representations regarding the registration and use of the MYGUIDE Marks; whether Defendants' made any such misrepresentation with the intent to induce Plaintiffs' reliance thereon; and whether Plaintiffs reasonably relied on those misrepresentations.
- Whether Plaintiffs agreed to and failed to deliver product to Defendants in a timely and proper manner.
- Whether Plaintiffs made spurious and damaging claims about Defendants to Defendants' customers.
- Whether Plaintiffs misappropriated Defendants' business and customers for itself.
- Whether Plaintiffs or Defendants were the first to use the MYGUIDE Marks in the United States.

**3.    Legal Issues**

Plaintiffs contend that the following legal issues are raised in the Complaint and in dispute:

- Whether MyGuide Holding GmbH is the rightful owner of the MYGUIDE Marks.
- Whether Defendants' use of the MYGUIDE Marks was/is in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

1  • Whether Defendants' use of the MYGUIDE Marks was/is in violation of § 43(a)
2  of the Lanham Act, 15 U.S.C. § 1125.
3  • Whether Defendants' conduct constitutes trademark infringement in violation of
4  Cal. Bus. & Prof. Code § 14335.
5  • Whether Defendants' conduct constitutes unfair competition in violation of Cal.
6  Bus. & Prof. Code § 17200, *et seq*.
7  • Whether Defendants' conduct constitutes infringement and unfair competition in
8  violation of the common law of the state of California.
9  • Whether Defendants and Plaintiffs formed a valid and enforceable oral agreement
10 under which Defendant Kemps agreed to transfer all rights in the MYGUIDE
11 Registration to Plaintiffs or their designee.
12 • Whether Defendants should be estopped from asserting that such promise was
13 unenforceable under the doctrine of promissory estoppel.
14 • Whether Plaintiffs or Defendants breached the Letter of Intent set forth in
15 Paragraph 33 of the Complaint.
16 • Whether Defendants had a duty to negotiate in good faith and whether that duty
17 was breached by Defendants.
18 • Whether Plaintiffs are entitled to restitutionary relief in the form of an order
19 transferring the MYGUIDE Registration to Plaintiff MyGuide Holding GmbH under the
20 doctrine of unjust enrichment.
21 • Whether Plaintiffs were defrauded by certain representations made by Defendant
22 Kemps regarding registration of the MYGUIDE Marks and transfer of the MyGuide
23 Registration.
24 • Whether Defendants unlawfully interfered with Plaintiffs' economic relationships.
25 • Whether Plaintiffs are entitled to (1) a declaration that MyGuide Holding GmbH
26 is the rightful owner of the MYGUIDE Marks; (2) a permanent injunction as set forth in
27 Paragraph 4 of Plaintiffs' Prayer for Relief; (3) recovery of damages incurred as a result
28 of Defendants' conduct; and (4) all other relief as requested in the Complaint.

Plaintiffs contend that the following legal issues are raised in the Defendants' counterclaims and in dispute:

- Whether Plaintiffs' use of the MYGUIDE Marks was/is in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.
- Whether Plaintiffs' conduct constitutes infringement and unfair competition in violation of the common law of the state of California.
- Whether Plaintiffs' use of the MYGUIDE Marks was/is in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125.
- Whether Plaintiffs' conduct constitutes trademark infringement in violation of Cal. Bus. & Prof. Code § 14335.
- Whether Plaintiffs' conduct constitutes unfair competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.
- Whether Defendants and Plaintiffs formed a valid and enforceable oral agreement under which Defendant Kemps would transfer all rights in the MYGUIDE Registration to Plaintiffs or their designee in exchange for certain conditions as alleged by Defendants.
- Whether Defendants are entitled to monetary relief under the doctrine of unjust enrichment.
- Whether Defendants are entitled to recover damages for Plaintiffs' interference with Defendants' economic relationships.
- Whether Plaintiffs' conduct amounted to fraud, misrepresentation, or fraudulent inducement.
- Whether Defendants are entitled to recover direct, consequential, incidental, and other damages; punitive damages; and costs and attorneys fees as a result of Plaintiffs' conduct.

**4.   Motions**

There are no motions pending at this time.

**5.   Amendment of Pleadings**

The Plaintiffs propose August 1, 2008 as the deadline for adding new parties, claims, or counterclaims.

**6.  Evidence Preservation**

The parties have discussed the preservation of evidence and have agreed not to delete any potentially relevant e-mails or destroy any potentially relevant documents, electronic or otherwise, or any other potentially relevant electronically-recorded material, until this dispute is resolved, except as agreed to by the parties.

**Disclosures**

The parties have not exchanged initial disclosures. The Plaintiffs propose that initial disclosures be exchanged on or before May 9, 2008.

**7.  Discovery**

At this time, the Plaintiffs do not anticipate that any change should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, or of any additional limitations that should be imposed. One or more of the parties may require the ability to take more than ten depositions, but they will be in a better position to assess their needs as discovery progresses. The parties have discussed the issues regarding discovery of electronically stored information (ESI), and the Plaintiffs propose that the parties enter into an agreement with respect to ESI which will include how and in what form such ESI will be exchanged.

**8.  Class Actions**

Not applicable.

**9.  Related Cases**

Not applicable.

**10.  Relief**

Plaintiffs seek a declaratory judgment that MyGuide Holding GmbH is the rightful owner of the MYGUIDE Marks. Plaintiffs also seek injunctive and monetary relief. Plaintiffs believe they are entitled to damages in an amount of (1) the Defendants' profits derived from the unauthorized sale or distribution of goods bearing the MYGUIDE Marks; (2) the amounts owing

1  under Invoice Nos. 20070921-US and PF2007525; (3) the actual, consequential, incidental, and
2  other damages caused by Defendants' wrongful conduct; (4) punitive damages; and (5)
3  Plaintiffs' costs and attorneys fees pursuant to 15 U.S.C. § 1117(a).

4  The Plaintiffs believe that they will be in a better position to give precise estimates
5  regarding their damages as discovery progresses.

**11. Settlement and ADR**

The parties have not had success with settlement discussions to date. The parties have complied with ADR L.R. 3-5 and have agreed to participate in a court-ordered mediation. Pursuant to the Court's ADR Order, the parties will do so within 90 days of entry of the Case Management Order.

**12. Consent to Magistrate Judge for All Purposes**

The Plaintiffs do not consent to the assignment of this matter to a Magistrate Judge for all purposes.

**13. Other References**

The Plaintiffs do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of the Issues**

The Plaintiffs are open to narrowing certain issues via stipulated facts as the factual and legal issues are clarified during the course of discovery. At this time the Plaintiffs do not foresee bifurcating any issues, claims, or defenses.

**15. Expedited Schedule**

Plaintiffs have proposed proceeding on an expedited basis. Defendants have declined to consent to an expedited schedule. Plaintiffs are nonetheless hopeful that the case can be handled without significant delay and have agreed to the schedule proposed below.

**16. Scheduling**

The Plaintiffs propose the following schedule:

    Close of Fact Discovery:                          September 26, 2008

| | | |
|---|---|---|
| 1 | Designation of Experts: | September 26, 2008 |
| 2 | Close of Expert Discovery: | October 24, 2008 |
| 3 | Expert Rebuttal: | November 7, 2008 |
| 4 | Hearing of Dispositive Motions: | December 19, 2008 |
| 5 | Pretrial Conference: | February 5, 2009 |
| 6 | Trial: | March 9, 2009 |

**17. Trial**

The Plaintiffs expect the trial in this matter to last five to seven days. Defendants have demanded a trial by jury.

**18. Disclosure of Non-Party Interested Entities or Persons.**

The parties have filed their Certifications of Interested Entities or Persons. As stated in those filings, neither party is aware of any interested entities or persons.

DATED: April 25, 2008.

/s/
D. PETER HARVEY, ESQ.
SETH I. APPEL, ESQ.
4 Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

and

Lisa Pearson, Esq. (admitted *pro hac vice*)
KILPATRICK STOCKTON LLP
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

W. Mark Conger, Esq. (admitted *pro hac vice*)
KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**
CASE NO: CV 08-0057 JF          - 8 -

1
2
                                    Attorneys for Plaintiffs,
                                    MYGUIDE HOLDING GMBH
                                    and MYGUIDEGPS LTD.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**
CASE NO: CV 08-0057 JF                      - 9 -