1  David P. Morales, Esq., SBN 191229
   THE MORALES LAW FIRM
2  1414 Soquel Avenue, Suite 212
   Santa Cruz, CA  95062
3  Telephone: (831) 429-7900
   E-Mail: dmorales@moraleslawfirm.com
4
   Attorney for Defendants and Counterclaimants
5  Randolph Kemps, Ares Digital, Inc.,
   and MyGuide (USA), Inc.
6

7               IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVISION

10

| | |
|---|---|
| 11  MYGUIDE HOLDING GMBH; and<br>MYGUIDEGPS LTD.,<br>12<br>13            Plaintiffs,<br>14      vs.<br>15  RANDOLPH KEMPS, an individual; ARES<br>16  DIGITAL, INC.; and MYGUIDE (USA), INC.,<br>17            Defendants.<br>18<br>19  RANDOLPH KEMPS, an individual; ARES<br>    DIGITAL, INC.; and MYGUIDE (USA), INC.,<br>20<br>21            Counterclaimants,<br>22      vs.<br>23  MYGUIDE HOLDING GMBH; and<br>    MYGUIDEGPS LTD.,<br>24<br>25            Counterdefendants. | Civil Action No.: CV 08-0057 JF<br><br>**DECLARATION OF DAVID P. MORALES RE: EFFORTS TO COMPLETE JOINT CASE MANAGEMENT CONFERENCE STATEMENT  (Civil Local Rule 16-9(a))** |

26
27
28

**DECLARATION OF DAVID P. MORALES RE: EFFORTS TO COMPLETE JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

**DECLARATION**

I, David P. Morales, declare:

1. I am a member of this Court and the attorney of record for Defendants and Counterclaimants in the above action. I am providing this Declaration pursuant to Civil Local Rule 16-9(a). The following information is of my personal knowledge.

2. Plaintiffs' counsel Conger and I agreed to meet and confer on Friday, April 11, 2008 regarding Rule 26, the required Joint Case Management Conference Statement, and our Joint ADR Stipulation as required by the Court's schedule in this matter.

3. On April 11, 2008, I met and conferred with Mr. Conger regarding ADR, but Mr. Conger was not prepared to meet and confer regarding Rule 26 and our Joint Case Management Conference Statement. Mr. Conger agreed to prepare a draft Joint Case Management Conference Statement for my review and revision on Monday, April 14, 2008. Mr. Conger finally provided me with his draft Case Management Statement on the afternoon of Friday, April 18, 2008.

4. I had hoped to finalize the parties' Joint Case Management Conference Statement during the week of April 14th because I would have very limited availability during the week of April 22nd. I was ultimately able to review and revise Mr. Conger's draft Case Management Conference Statement on the morning of Thursday, April 24, 2008. Given the inaccurate and prejudicial character of Mr. Conger's draft Joint Statement, I needed to make substantial revisions. Unfortunately, due to a computer malfunction, I lost a substantial portion of my revisions and had to redo a substantial amount of that work.

5. On the morning of Friday, April 25, 2008, I sent Mr. Conger an electronic mail message explaining the situation. Mr. Conger indicated that his availability would be limited that afternoon and he requested that I deliver the revised Joint Case Management Statement to him by 1:00 p.m. Pacific Time. I delivered my revised Joint Case Management Conference Statement to Mr. Conger at 1:17 p.m. Pacific Time.

6. Promptly thereafter, I conferred with Mr. Conger by telephone. Mr. Conger indicated that he did not agree with all my revisions. After discussing some of our issues, it became clear that additional significant discussions would be necessary to work out the remaining issues between us. We discussed the possibility of simply separating our differing views and labeling them as being on behalf of Plaintiffs or on behalf of Counterclaimants, wherever applicable. Mr. Conger expressed concern about the amount of time it would take to segregate and label our divergent views and his limited time this afternoon. At that point, we promptly agreed to file Separate Case Management Conference Statements today and to continue our efforts to work through our remaining disagreements over the next few days and to harmonize our Separate Case Management Conference Statements into a single, Joint Case Management Conference Statement to be filed in advance of our scheduled Case Management Conference.

7. In discussing the necessary Local Rule 16-9 Declarations, Mr. Conger indicated specifically that he did not believe I had acted in bad faith or that I was to blame for these circumstances. Nevertheless, Mr. Conger felt it was important to bring to the Court's attention the above timing. I do not believe either party acted in bad faith in their efforts to meet and confer pursuant to Rule 26, but it is important that these circumstances be fully and accurately represented.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 25, 2008.

By: _____
DAVID P. MORALES

**DECLARATION OF DAVID P. MORALES RE: EFFORTS TO COMPLETE JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
Case No.: CV 08-0057 JF              - 3 -